**A. SOLOFF & SON, INC., Plaintiff,**

**v.**

**TRUSTEES OF the AMALGAMATED COTTON GARMENT AND ALLIED INDUSTRIES FUND, Defendant.**

**No. 82 Civ. 1981(MEL).**

United States District Court,
S.D. New York.

April 25, 1984.

Hill & Barlow, Boston, Mass., for plaintiff; Kieffer & Hahn, New York City, Local Counsel.

Mark Schwartz, New York City, for defendant.

LASKER, District Judge.

Defendants, Trustees of the Amalgamated Cotton Garment and Allied Industries Fund ("the Fund" or "the Plan"), move for summary judgment on their counterclaim that because the plaintiff-employer failed to request arbitration within the time limit set by the Act, *see* 29 U.S.C. § 1401(a)(1), it is subject to withdrawal liability under the Multi-Employer Pension Plan Amendments Act ("MPPAA" or "the Act"), 29 U.S.C. § 1381 *et seq.* Plaintiff moves, on the grounds that this court is without jurisdiction to order payment of the liability until the conclusion of arbitration, *see* 29 U.S.C. § 1401(b)(1) and (2), for dismissal of defendant's counterclaim for collection of the withdrawal liability.[1]

The Act requires a plan sponsor, as soon as practicable after an employer's withdrawal, to notify the employer of the amount of its liability and schedule for payments, and to demand payment in accordance with the schedule. 29 U.S.C. § 1399(b)(1). If the employer disputes the fact or amount of the liability, it may,

---

1. By agreement of the parties and with approval of the court, resolution of constitutional issues raised by the parties' motion for summary judgment has been deferred pending the decision by the United States Supreme Court in *Pension Benefit Guaranty Corp. v. R.A. Gray & Co.,* —— U.S. ——, 104 S.Ct. 992, 79 L.Ed.2d 226 (1984). In the interim we agreed to address the non-constitutional issues in this case: whether plaintiff timely sought to initiate arbitration and if not, whether plaintiff's failure conclusively fixes its liability to the Fund.

within 90 days, ask the fund to review its determination. 29 U.S.C. § 1399(b)(2)(A).[2]

The plan sponsor must respond to the employer's request for review:

"(B) After a reasonable review of the matter raised, the plan sponsor shall notify the employer of—

(i) the plan sponsor's decision,

(ii) the basis for the decision, and

(iii) the reason for any change in the determination of the employer's liability or schedule of liability payments."

29 U.S.C. § 1399(b)(2)(B).

The Act mandates that disputes concerning determinations of withdrawal liability be resolved through arbitration:

"(1) Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through arbitration. Either party may initiate the arbitration proceeding within a 60-day period after the earlier of—

(A) the date of notification to the employer under section 1399(b)(2)(B) of this title, or

(B) 120 days after the date of the employer's request under section 1399(b)(2)(A) of this title.

The parties may jointly initiate arbitration within the 180-day period after the date of the plan sponsor's demand under section 1399(b)(1) of this title."

29 U.S.C. § 1401(a)(1).

Defendant notified plaintiff on November 19, 1981 that it owed the Fund $219,553.98 in withdrawal liability under the MPPAA.[3] On December 4, 1981 plaintiff requested, pursuant to § 1399(b)(2)(A), that the Fund review its calculation and provide plaintiff with information sufficient for it to establish the reasonableness and correctness of the Fund's calculation. On December 22, 1981 the Fund responded to plaintiff's request, pursuant to § 1399(b)(2)(B), by submitting the documents upon which it relied in its computation, which documents, it claims, were adequate to establish the reasonableness and correctness of its calculation. In its letter, the Fund reiterated its notification of liability and demand for payment. On June 30, 1982 plaintiff notified the Fund of its intention to initiate arbitration pursuant to § 1401(a)(1)(B).

The motions *sub judice* hinge on the proper construction of § 1401(a)(1), the section limiting the time within which an employer may initiate arbitration. Plaintiff claims that the 120-day time limit of § 1401(a)(1)(B) applies to it because, it asserts, the Fund's response to its request for review and supporting information was not adequate. The Fund contends that its response was sufficient under § 1399(b)(2)(B), but that in any event, the time limit on requesting arbitration is fixed not, as plaintiff contends, by the adequacy of a fund's documentation of its decision, but by the fund's new notification of its determination of liability in response to the employer's request for review under § 1399(b)(2)(A).

■ Plaintiff's argument is contrary to the plain language of the statute which provides that arbitration must be initiated "within a 60-day period *after the earlier of* —(a) the date of the *notification* to the employer under § 1399(b)(2)(B) ... *or* (b) 120 days after the date of the employer's *request* under section 1399(b)(2)(A)." 29 U.S.C. § 1401(a)(1) (emphasis added). As

---

**2.** 29 U.S.C. § 1399(b)(2)(A) provides:

"(2)(A) No later than 90 days after the employer receives the notice described in paragraph (1), the employer—

(i) may ask the plan sponsor to review any specific matter relating to the determination of the employer's liability and the schedule of payments,

(ii) may identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to the employer, and

(iii) may furnish any additional relevant information to the plan sponsor."

**3.** The Fund first notified plaintiff of its withdrawal liability on July 1, 1981, but then issued a recalculation on November 19, 1981. November 19, 1981 is therefore used as the initial notification date.

the Fund persuasively argues, if a plan sponsor responds to an employer's request under § 1399(b)(2)(A) by reviewing its determination of withdrawal liability and by notifying the employer of its decision and the basis for its decision, the notice triggers the running of time under § 1401(a)(1)(A) and any deficiency in the fund's documentation of its decision should be dealt with in the arbitral process if the parties are unable to resolve their difference before the 60-day time limit expires.

 In the present case, the employer requested Fund review on December 4, 1981. The Fund responded on December 22, 1981 with a new notification of liability and demand for payment together with the basis for its decision. Plaintiff therefore had until February 20, 1982 to initiate arbitration—60 days after the Fund's new notice and demand.[4] Plaintiff's June 30, 1982 request to arbitrate was therefore made after the statutory limit had run.

Defendant contends that plaintiff's failure to timely initiate arbitration conclusively fixes plaintiff's liability under § 1401(b)(1) which provides:

> "[i]f no arbitration proceeding has been initiated pursuant to subsection (a) of this section, the amounts demanded by the plan sponsor under section 1399(b)(1) shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in State or Federal court of competent jurisdiction for collection."

Since plaintiff did not timely seek to arbitrate, we would ordinarily invite submission of a judgment as to liability. However, at oral argument on these motions, counsel for plaintiff requested an opportunity, if these motions were decided against the employer, to put before the court the constitutionality of the 60-day limit. The entry of judgment will therefore be deferred for 15 days to permit the filing of an appropriate motion testing the constitution-

ality of the 60-day limit together with an application for a further stay of judgment.

It is so ordered.

---

4. While the parties entered into a stipulation tolling the running of times established under § 1401(a)(1) for a period of 36 days, plaintiff's request for arbitration on June 30, 1982 is still outside the time limit which, under the stipulation, expired on March 28, 1982.