**A. SOLOFF & SON, INC., Plaintiff,**

v.

**Jerry ASHER, et al., Defendants.**

**No. 82 Civ. 1981 (MEL).**

United States District Court,
S.D. New York.

Oct. 9, 1984.

Hill & Barlow, Boston, Mass., and Kieffer & Hahn, New York City, for plaintiff; John M. Kahn, Robert G. Dreher, Jeanne M. Kempthorne, Boston, Mass., and Michael C. Devine, New York City, of counsel.

Mark Schwartz, New York City, for defendants.

LASKER, District Judge.

The Trustees of the Amalgamated Cotton Garment and Allied Industries Fund ("the Fund") earlier moved for summary judgment on their counterclaim that because A. Soloff & Son, Inc. ("Soloff") had failed timely to request arbitration under the provisions of 29 U.S.C. § 1401(a)(1), it was subject to withdrawal liability under the Multiemployer Pension Plan Amendments Act ("the Act"), 29 U.S.C. § 1381 *et seq.* In an earlier opinion at 583 F.Supp. 1098 (1984), we held that Soloff had not sought arbitration timely under the Act. We deferred the entry of a judgment for liability, however, on representation by Soloff that it would promptly move to put before the court the constitutionality of the 60-day limit of the Act. Soloff now moves for partial summary judgment on the counterclaim on the grounds that the 60-day time limit specified for initiation of arbitration is unconstitutional. The motion is denied.

Soloff argues, and the Fund does not disagree, that a statute of limitations that provides an unreasonably short period of time in which to commence an action or proceeding is unconstitutional. Soloff contends that the time limits set forth in § 1401(a)(1) of 60 days is a statute of limitation and is so unreasonably short that its application constitutes a denial of due process.

The parties agree that the determination of whether a limitation period is reasonable, and therefore constitutionally viable, depends on the facts of the particular case. *McGahey v. Virginia (In Re Brown)*, 135 U.S. 662, 707, 10 S.Ct. 972, 985, 34 L.Ed. 304 (1890); *Wheeler v. Jackson*, 137 U.S. 245, 255, 11 S.Ct. 76, 78, 34 L.Ed. 659 (1890). Soloff's position is best set forth in its own words:

"The facts and circumstances in the instant case ·demonstrate the unreasonableness of the 60-day limitation period. The MPPAA effected major and complex

changes to ERISA, changes which an employer in plaintiff's position could not be expected to have anticipated or immediately to understand, The MPPAA altered the obligations of the plaintiff under ERISA, and under its collective bargaining agreement as well, creating confusion as to the interrelation of the plaintiff's obligations imposed by statute and assumed by contract."

In opposition the Fund argues that the 60-day period is reasonable in the circumstances of this case. They point out that the procedure involved under the statute is considerably more extended than reference to the 60-day period alone would suggest. First, the Fund must notify the employer that it has withdrawn from the Fund, incurred a withdrawal responsibility in a specific amount and demanded payment thereof (29 U.S.C. § 1339(b)(1)). Next, after the employer has received the notice, it is afforded 90 days in which to request that the Plan review its original demand. 29 U.S.C. § 1399(b)(2). Only after the Fund responds to the employer's request for a review does the 60-day period start to run. The Fund argues that under the circumstances the 60 days available to an employer in which to invoke arbitration are more nearly analogous to a defendant's time to answer a complaint than to a statute of limitations setting a period within which a complaint must be filed. In any event, the Fund argues, that the total of the time period specified above provides a more than reasonable opportunity to the employer and destroys any claim of a lack of due process.

The Fund points out that Soloff was at all times, and long before it filed for arbitration, represented by counsel who were experts in the intricacies of the statute and of the case at hand, and that the availability of such assistance adds support to the reasonableness of the 60-day period. They also stress that it was the act of plaintiff's counsel in writing to the Fund to ask for a review of the Fund's calculations which resulted in the Fund's response thereby triggering the commencement of the 60-day period. They emphasize that Soloff could have prolonged the commencement of the 60-day period by using 90 days to request review when, in fact, that request was made at the expiration of only 15 days.

Finally, and most important, the Fund argues that the 60-day period imposed no real burden upon the employer since all it needed to do to comply with the requirements of the Act was to write a letter to the Fund or to an arbitration agency demanding arbitration. The Act does not require that the plaintiff present its case or perfect it or complete it within the 60 days.

We have reviewed the authorities presented by both sides and conclude that in the circumstances of this case, and for the reasons argued by the Fund, which we find persuasive, the 60-day period was not unreasonable and certainly did not deprive Soloff of due process of law.

Accordingly, the plaintiff's motion for partial summary judgment is denied. In view of our earlier ruling it is now appropriate for the defendant to submit a judgment on notice.