**Justus A. STOVALL, Plaintiff,**

v.

**ALLIS–CHALMERS CORPORATION, Defendant.**

No. 84–C–1255.

United States District Court, E.D. Wisconsin.

Nov. 19, 1985.

Thomas E. Hayes, Milwaukee, Wis., for plaintiff.

Bruce R. Alper, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Plaintiff Justus A. Stovall originally brought this action against defendant Allis-Chalmers Corporation in Milwaukee County Circuit Court, alleging breach of a collective bargaining agreement that governed his retirement status and benefits. Defendant subsequently removed the case to this Court on the ground that it raises federal questions under the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and provisions of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001 *et seq.* Defendant now moves for summary judgment on the ground that no genuine issue of material fact exists between the parties and the defendant is entitled to judgment as a matter of law.

## FACTS

Plaintiff Justus Stovall was employed by defendant Allis-Chalmers Corporation from 1951 to 1978. Late in 1978 plaintiff began to experience medical difficulties that allegedly impaired his ability to perform his job adequately. Stovall was granted medical leave for some weeks in 1978 and early 1979, but he never substantiated his claims of disability. (See Plaintiff's Exhibits A and B.) On June 6, 1979, Stovall applied for regular early retirement, to be effective June 30, 1979. On June 29, Stovall changed his mind, requesting in a handwritten memo that his retirement application be cancelled. Allis-Chalmers complied, and sent him a telegram telling him not to report to work until July 17. On June 30, Stovall changed his mind again, saying he wanted to retire on a regular early retirement basis. Again, Allis-Chalmers complied, and Stovall was retired June 30, 1979.

On July 17, 1979, Stovall requested that his regular early retirement status be changed to disability retirement. Allis-Chalmers refused this request, stating that Stovall had already been granted regular early retirement as he had asked. Early in 1980, Stovall asked that his retirement be terminated and that Allis-Chalmers rehire him. The Company declined. In May 1980, Stovall gave Allis-Chalmers a letter from a physician stating that Stovall was fit to work. (See Defendant's brief, Affidavit of Bernice Price, Exhibit 2.) This letter was returned to Stovall with a reminder that he had already taken regular early retirement. A few weeks later Stovall produced another letter from another physician, stating that he was completely and totally disabled as of June 30, 1979. (See Plaintiff's Exhibit G.) Again he requested that his retirement status be changed to disability retirement. Again, Allis-Chalmers declined to do so.

Some four years later, this suit followed.

### SUMMARY JUDGMENT

Summary judgment is appropriate when no genuine issue of material fact exists between the parties and the Court can thus decide the case purely as a matter of law. Federal Rules of Civil Procedure, Rule 56(b).

In this case the parties do not dispute any of the relevant facts. In fact, in the fourteen months since this litigation began, plaintiff has not introduced any of his own facts, nor challenged any of those adduced by defendant. The disagreement is purely one of law. The Court is therefore free to decide the case as a matter of law.

### OPINION

The heart of plaintiff's complaint is that defendant Allis-Chalmers breached the collective bargaining agreement ("Agreement") under which plaintiff's retirement rights are determined and benefits administered. The alleged breach occurred when defendant refused to reclassify plaintiff as disabled after he had already requested and been granted regular early retirement.

Defendant raises two affirmative defenses. First, it asserts that plaintiff failed to exhaust the administrative remedies for grievances as provided by the express terms of the Agreement itself. Second, it claims that plaintiff's action is barred by the statute of limitations under both LMRA and ERISA.

### I. *Failure to Exhaust Contractual Remedies*

It is well-settled that parties to a collectively bargained contract must attempt to exhaust the grievance remedies provided in the contract before an action will lie for its breach. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965).

Two provisions of the Agreement between Allis-Chalmers and the union of which plaintiff was an active member are of particular relevance to this case. The first of these is § 4.1, which provides that an employee is entitled to disability retirement benefits when he is "determined by the Board to be totally and permanently disabled. . . ."

The second, § 8.5, establishes the procedure to be followed by employees or retired employees who seek to assert or clarify their rights under the Agreement:

> Any question raised by an employee or retired employee concerning his rights under the Plan, including. . .(e) his permanent and total disability, if any; (f) the amount of his benefits under the Plan, if any, to which he claims to be entitled. . .shall be prepared in the form of a written statement signed by him in triplicate and presented to the appropriate Committee.

The Board in question consists of six members, three from the Company and three from the employees' union. Each Committee comprises four members, two each from the Company and the Union. The Board reviews recommendations made by the various committees and acts as a kind of arbitration panel. Its decisions are binding on both Company and Union.

According to the uncontested facts of this case, plaintiff completely ignored these contractual mechanisms in his efforts to establish his disability. Nearly a year after voluntarily retiring from Allis-Chalmers on a regular early basis, he presented to the Company, within a period of less than a month, contradictory letters from different physicians. The first letter stated that plaintiff was fit to work; the second, that he had been completely and totally disabled since June of the previous year. Plaintiff never presented this evidence to the Board of review, as provided by the express terms of the Agreement. Nor did plaintiff bring his complaints about the Company's refusal to grant him disability retirement to the appropriate Committee for resolution. In short, plaintiff made no attempt whatsoever to use the grievance procedures provided in the Agreement itself.

On these undisputed facts, the Court finds that plaintiff did not make an adequate effort to exhaust his contractual remedies, and therefore holds that, under the principle announced in *Republic Steel*, is barred from prosecuting this action.

Plaintiff argues that he was "excused" from the usual requirements that contractual remedies be exhausted before beginning a civil action because he is a "retiree" not an "employee", that only "employees" are bound by the Agreement, and that therefore the exhaustion requirement does not apply to "retirees" such as himself.

This claim reflects a gross misreading of the express terms of the Agreement. Section 8.5, the grievance procedure, applies to "employees *and retired employees.*" (emphasis added). Plaintiff was bound by the terms of the Agreement before and after he retired, and he was therefore not excused from the requirement that he attempt to exhaust the internal remedies it provided before filing suit in court.

## II. *Failure to Satisfy the Statute of Limitations*

■ Neither LMRA nor ERISA includes a statute of limitations. Therefore, in the Seventh Circuit, the timeliness of actions brought under either act is to be determined "as a matter of federal law, by reference to the appropriate state statute of limitations." *Jenkins v. Local 705 Intern. Broth. of Teamsters*, 713 F.2d 247, 250–51 (7th Cir.1983). "The Court, in making this determination, must decide which statute of limitations period is 'the most appropriate one provided by state law.'" *Id.* at 250. In doing so, "the court must be cognizant of and examine the underlying nature of the federal claim as well as the federal policies involved." *Id.* at 251.

In *Jenkins*, plaintiff brought suit to recover benefits allegedly due him under an employee retirement plan and to clarify his rights under that plan. The Court characterized the suit as one in contract, not federal labor law, since it sought to define rights and obtain benefits under a written retirement plan and not to challenge the terms of the plan itself. The Court then held the action timely because it was brought within the time period provided by the state statue of limitations for contracts.

The Court finds *Jenkins* indistinguishable from the present case. Plaintiff seeks to establish that he is disabled and therefore eligible for disability benefits under the Agreement negotiated between Allis-Chalmers and plaintiff's union. The Agreement itself is a written document. Plaintiff alleges that defendant breached the Agreement, not that the Agreement itself is somehow invalid as a matter of federal labor law.

Accordingly, the Court finds that the plaintiff's action is one in contract and is therefore subject to Wisconsin's six-year statute of limitations for contract actions. § 893.43 Wis.Stats. Because plaintiff brought this action within the required statutory period, it is not barred by the statute of limitations.

## CONCLUSION

Plaintiff's action is not time-barred. His failure to attempt to exhaust contractual remedies, however, entitles defendant to judgment as a matter of law.

Defendant's motion for summary judgment is therefore GRANTED.