**Barry I. TIGER, Plaintiff,**

v.

**AT & T TECHNOLOGIES PLAN FOR EMPLOYEES' PENSIONS, DISABILITY BENEFITS (formerly Western Electric Plan for Employees' Pensions, Disability Benefits and Death Benefits) and AT & T Technologies, Inc. (formerly Western Electric Co., Inc.), Defendants.**

**No. 84 CV 4863.**

United States District Court,
E.D. New York.

April 18, 1986.

Jonathon D. Warner, New York City, for plaintiff.

Roberts & Finger, New York City (Joel L. Finger, Thomas C. Greble, of counsel), for defendants.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action under the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1001 *et seq.* (1976). Plaintiff seeks damages arising out of the denial of his claim for disability benefits allegedly owing him under the terms of the defendant employee benefit plan ("the Plan"). Defendants move for summary judgment on the ground that plaintiff failed to exhaust his available administrative remedies as required by the Plan.

Fed.R.Civ.P. 56. For the reasons set forth below, the motion is denied.

### Facts

From January 1957 until September 1979, plaintiff was employed by Western Electric Co., Inc., the predecessor of defendant AT & T Technologies, Inc. (hereinafter collectively referred to as "AT & T–TI"). As such, plaintiff was an eligible participant in the defendant Plan.

On March 13, 1978, plaintiff suffered a work-related injury. From March 14, 1978 to approximately September 6, 1979, he remained off the job receiving disability benefits under the Plan.

Sometime in 1979, AT & T–TI determined that plaintiff was fit to return to a light-duty position. Accordingly, plaintiff twice was directed to report to work. When plaintiff failed to respond to his employer's directives, he was deemed to have resigned his position, and his disability benefits ceased.

Shortly thereafter, plaintiff filed a claim for further benefits. By certified letter dated August 19, 1980, plaintiff was notified that his claim was denied by the Plan's Northeastern Region Area Benefit Committee. The letter indicated that plaintiff had 60 days in which to submit a written appeal of the Committee's decision.[1]

Plaintiff did not appeal the denial of his claim within the requisite 60-day period. Indeed, plaintiff waited until November 27, 1983—more than three years later—before requesting reconsideration of the Committee's action. Plaintiff's request for reconsideration was rejected as untimely. Accordingly, this action ensued.

### Discussion

Defendants concede that plaintiff's complaint is not barred by the applicable six-year statute of limitations. *See* Defendants' Reply Memorandum at 6 n. 8. Defendants maintain, however, that by failing to file an administrative appeal within the time prescribed by the Plan, plaintiff has waived his right to judicial review of his underlying claim for benefits.

Not surprisingly, plaintiff argues that his failure to comply with the 60-day time limit cannot bar his request for judicial review. Alternatively, plaintiff asserts that, as a matter of equity, his failure to file a timely administrative appeal should be excused in light of his mistaken belief that his union was pursuing his claim. I will address plaintiff's arguments in turn.

### 1. Waiver

■ It is well-established that a claimant in an ERISA action must exhaust all available intra-plan remedies before seeking federal court review. *See e.g.*, *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir.1980); *Revello v. Metropolitan Insurance Co.*, Civ. No. 84–2911 (S.D.N.Y. Sept. 28, 1984) [Available on WESTLAW, DCTU database]. In the typical case, the exhaustion doctrine is invoked to forestall premature resort to a judicial forum. However, this case presents the question whether the failure to exhaust administrative remedies within the time-frame set forth in the Plan may forever bar an action in this Court.

Plaintiff relies, primarily, upon the Seventh Circuit's decision in *Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan*, 713 F.2d 247, 254 (7th Cir.1983). The plan at issue in *Jenkins* contained a 60-day appeals provision similar to the one in this case. Notwithstanding the claimant's failure to appeal his claim within the 60-day period, the Seventh Circuit held that the claimant had exhausted his intra-plan remedies when he filed for reconsideration of the Trustees' denial of his claim some three and one-half years later. *Id.*

However, in *Jenkins*, much of the delay in bringing the administrative appeal was occasioned by the Plan's attempt to comply with claimant's discovery requests. It is,

---

1. In the event of an appeal, plaintiff's claim would have been reviewed by the Employees' Benefit Committee.

therefore, unclear whether the Seventh Circuit rested its holding upon the proposition that the failure to comply with the time limits set forth in the Plan can *never* bar judicial action, or whether the Court merely found that, on the facts of that case, the Plan was equitably estopped from asserting the waiver defense. Likewise, it is unclear from the circuit court's decision whether the administrative committee's denial of Jenkin's request for reconsideration rested upon the merits, or upon the untimeliness of the request.

■ Upon consideration, this Court believes the better view to be that, absent equitable considerations, a claimant's failure to pursue administrative remedies within the time frame mandated by the Plan shall preclude judicial review of his underlying claim for benefits. In addressing Congress's mandate that pension plans provide intra-fund review procedures, the Ninth Circuit has noted the important policies underlying the exhaustion doctrine in ERISA cases:

> [t]he institution of ... administrative claim-resolution procedures was apparently intended by Congress to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned. It would certainly be anomalous if the same good reasons that presumably led Congress and the Secretary to require covered plans to provide administrative remedies for aggrieved claimants did not lead the courts to see that those remedies are regularly used.

*Amato v. Bernard, supra,* 618 F.2d at 567.

Permitting a claimant to maintain an action after deliberately disregarding the Plan's stated review procedure (for which his union bargained) would impose substantial hardship upon the Plan and its thousands of participants, since Plan fiduciaries would be compelled to manage the Plan assets under the shadow of claims that might not be revived until years after the specified appeals period has elapsed. Such protracted delays clearly hinder the efforts of plan administrators and Courts in evaluating claims, given the inevitable problems involving staleness of proof. Accordingly, this Court finds that, absent equitable considerations, the failure to comply with reasonable time constraints prescribed by the Plan's review procedure precludes judicial review of a claim for benefits. *Cf. Ridens v. Voluntary Separation Program,* 610 F.Supp. 770, 778 (D.Minn.1985).

■ Additionally, I find that the 60-day limit imposed by the defendant Plan is, in fact, reasonable. *Cf. Taylor v. Bakery and Confectionary Union and Industry International Welfare Fund,* 455 F.Supp. 816, 820 (E.D.N.C.1978). The 60-day requirement comports with the implementing regulations promulgated by the Department of Labor:

> A plan may establish a limited period within which a claimant must file any request for review of a denied claim. Such time limits must be reasonable and related to the nature of the benefit which is the subject of the claim and to other attendant circumstances. In no event may such a period expire less than 60 days after receipt by the claimant of written notification of denial of a claim

29 C.F.R. § 2560.503–1(g)(3). Indeed, the 60-day time limit has been adopted by several ERISA plans, *see, e.g., Ridens, supra,* 610 F.Supp. at 770, and has been statutorily imposed in a related context, *see, e.g., A. Soloff & Son, Inc. v. Asher,* 594 F.Supp. 724, 725–26 (S.D.N.Y.1984) (time to request arbitration under Multiemployer Pension Plan Amendments Act).

Accordingly, I turn to the question whether equitable considerations compel the Court to excuse the untimeliness of plaintiff's claim.

### 2. Equitable Estoppel

Typically, the doctrine of equitable estoppel is invoked in cases where the plaintiff knows of the existence of his cause of action but the defendants' conduct causes him to delay bringing his action. *See Dill-*

*man v. Combustion Engineering Inc.,* 784 F.2d 57, 61 (2d Cir.1986). In this case, plaintiff concedes that he was aware of the 60-day time period within which to file an appeal. He contends, however, that his non-compliance with the Plan's time requirements should be excused since he was led to believe that the union was pursuing his claim on his behalf. *Cf. Weeks v. Coca-Cola Bottling Co.,* 491 F.Supp. 1312, 1313 (E.D.Ark.1980).

Based upon the documents and affidavits presently before the Court, it appears unlikely that plaintiff can succeed in proving that defendants are responsible for his mistaken impression.[2] However, plaintiff contends that, upon completion of discovery, he will be able to establish the elements of his claim. The Second Circuit has emphasized that "summary judgment should not be granted while the party opposing judgment timely seeks discovery of potentially favorable information." *Schering Corp. v. Home Insurance Company,* 712 F.2d 4, 10 (2d Cir.1983).

Accordingly, defendants' motion for summary judgment is denied without prejudice to renewal upon completion of discovery. The Court's previously issued pre-trial scheduling order is hereby amended as follows: (a) the parties are directed to complete the necessary discovery within 45 days of this Order; (b) the parties are directed to appear before this Court for a final settlement conference on July 11, 1986 at 11:30 a.m.; and (c) in the event that the action is not settled, the parties shall appear for trial on July 21, 1986 at 9:30 a.m.

Finally, since there appears to be some disagreement regarding plaintiff's right to a jury trial, defendants are directed to move to strike the jury demand on or before June 13, 1986.

SO ORDERED.

---

2. Indeed, plaintiff's remedy may lie in an action for breach of the union's duty of fair representa-tion. *See* 29 U.S.C. § 185.