Rebecca DAMERON; Florence McLean; Pinkie Ricks, on behalf of themselves and all others similarly situated, Plaintiffs-Appellees,

v.

SINAI HOSPITAL OF BALTIMORE, INC.; Administrative Committee of Sinai Hospital of Baltimore, Inc.; Grace Pryor; Sinai Hospital of Baltimore, Inc. Pension Plan, for Employees Covered Under the Collective Bargaining Agreement between the National Union of Hospital and Health Care Employees, Division of R.W.D.S.W., AFL–CIO, and its affiliate Local District 1119 E, and Sinai Hospital of Baltimore, Inc., Defendants-Appellants.

No. 86–2578.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1987.

Decided April 7, 1987.

Jeffrey Elliot Rockman, Leonard E. Cohen (Frank, Bernstein, Conaway & Goldman, Baltimore, Md., on brief), for defendants-appellants.

Gill Wylie Deford (Neal S. Dudovitz, Nat. Sr. Citizens Law Center, Los Angeles, Cal., Luther Blackiston, Legal Aid Bureau, Inc., Legal Services for Sr. Citizens, Baltimore, Md., on brief), for plaintiffs-appellees.

Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

HARRISON L. WINTER, Chief Judge:

Defendants Sinai Hospital of Baltimore, Inc. (Sinai Hospital), the Administrative Committee of Sinai Hospital of Baltimore, Inc., the Sinai Hospital of Baltimore, Inc.

Pension Plan, and an individual administrator of Sinai Hospital (collectively Sinai) appeal from a summary judgment entered by the United States District Court for the District of Maryland in favor of plaintiffs Rebecca Dameron, Florence McLean, Pinkie Ricks and other similarly situated employees of Sinai Hospital. The district court granted the plaintiffs' motion for summary judgment because it found that Sinai had violated the nonforfeiture provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* The district court also subsequently certified a class of current and future retirees under the pension plan[1], 626 F.Supp. 1012, and awarded attorneys' fees to the plaintiffs. 644 F.Supp. 551. We affirm except with respect to the district court's application of the appropriate limitations period to the claim of plaintiff Dameron.

## I

Pursuant to a collective bargaining agreement, defendant Sinai Hospital and the National Union of Hospital and Health Care employees, Local 1199E (the union) established the Sinai Hospital of Baltimore, Inc. Pension Plan (the plan), a defined benefit plan for employees covered under the collective bargaining agreement. The plan became effective January 1, 1976.

The plan states that eligible employees are entitled to receive a pension each year after age 65 of an amount equal to "50% of his final average compensation, less eighty-three and one-third percent of his annualized primary Social Security Benefit." The plan defines a primary Social Security Benefit as "[t]he *estimated* primary Social Security Benefit to which an eligible Employ-

ee (*assuming he has always been a covered Employee under the Social Security Act*) was or would become entitled upon reaching the age of sixty-five." (emphasis added) Thus, the plan integrates Social Security benefits into the formula for computing pension benefits by deducting a percentage of the *estimated* primary Social Security benefit which an employee is entitled to receive.[2] Sinai uses tables which provide an estimate of an individual's wage history, adjusted for inflation, based on the employee's date of birth and his "current monthly compensation" in order to derive a figure for the estimated Social Security benefit.

Since the plan's inception, more than fifty employees have retired under the terms of the plan, including the plaintiffs in this action. When these persons applied for benefits from the plan, they found that their pension benefits were being offset by amounts greater than the actual Social Security benefits which they were receiving. Subsequently, plaintiff Rebecca Dameron filed this action challenging the plan's use of the estimated Social Security offset under ERISA and the Taft-Hartley Act on behalf of herself and all other persons similarly situated.[3]

## II

Sinai's method of estimating actual Social Security benefits abridges the nonforfeitable rights which are guaranteed by the plan, and violates the provisions of ERISA regarding integration of Social Security benefits. Under ERISA, an employer's pension plan must guarantee that an employee's right to a "normal retirement benefit is nonforfeitable." 29 U.S.C. § 1053(a).

---

**1.** Since the district court's decision, the collective bargaining agreement between the hospital and the union has been modified to eliminate the challenged provision of the pension plan. Thus, the district court may conclude to modify its order because the issue of this case is now moot as it applies to future retirees under the plan.

**2.** It has been estimated that two to three million retirees receive pensions each year that are offset by Social Security benefits and that as many as twenty million workers are covered by pen-

sion plans that employ this form of offset. II Legislative History of ERISA, 94th Cong., 2d Sess. 1716 (Comm.Print 1976) (Hereinafter Legislative History).

**3.** The complaint alleged that the use of the estimated social security benefit offset violated the general fiduciary provisions of ERISA and the LMRA. The district court limited its determination to the nonforfeiture provisions of ERISA. Thus, the fiduciary obligations imposed on Sinai by ERISA and the LMRA are not the subject of this appeal.

The plan must also insure that an employee's claim to a benefit derived from his own contributions is nonforfeitable and that the plan satisfies one of three alternative vesting and accrual schedules set forth in the statute. § 1053(a)(1)(2). The concept of vested nonforfeitable rights is "critical to the ERISA scheme." *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 510, 101 S.Ct. 1895, 1899, 68 L.Ed.2d 402 (1981). Congress intended through these provisions to guarantee that a worker who was promised a right to pension benefits upon retirement actually receives those benefits. *Id.; Nachman Corp. v. Pension Benefit Guaranty Corp.,* 446 U.S. 359, 375, 100 S.Ct. 1723, 1733, 64 L.Ed.2d 354 (1980).

■ A nonforfeitable right under ERISA means a right under a pension plan which is unconditional and which is legally enforceable against the plan. 29 U.S.C. § 1002(19). Thus, ERISA leaves the question of what rights are vested by a plan largely to private parties to decide. *Alessi, supra,* 451 U.S. at 511, 101 S.Ct. at 1900. The question of what rights are vested in employees by this plan thus depends in part on the language of the plan itself.

The plan in this case provides for offsetting a percentage of the annualized primary Social Security Benefit against the benefits payable under the plan. The plan's definition of the primary Social Security benefit sets forth that Sinai will estimate the primary Social Security benefit to which an eligible employee is entitled. The plan also explicitly authorizes Sinai to assume that an employee has always been a covered employee under the Social Security Act. The language of the plan itself thus notifies employees that the plan will use reasonable methods of estimating actual Social Security benefits, with the single proviso that an employee who has not always been covered by the Social Security Act will be assumed to have always been covered.[4] Employees have a legitimate expectation, based on the language of the plan, that Sinai will use methods of calculation which are reasonably intended to estimate the employee's actual primary Social Security benefit.

The legitimate expectations of employees that the plan would use reasonable methods of integrating the income stream received from Social Security benefits is explicitly guaranteed by the provisions of ERISA as well as the plan. Congress, in adopting ERISA, expressly preserved the option of integration of Social Security benefits into the income streams available under private pension plans. *Alessi, supra,* 451 U.S. 514–16, 101 S.Ct. at 1901–02. *See,* e.g., 29 U.S.C. §§ 1054(b)(1)(B)(iv); 1054(b)(1)(C); 1054(b)(1)(G); 1056(b). Congress first acknowledged the concept of integration in the Internal Revenue Code. Congress amended the 1939 Code, 26 U.S.C. § 401(a)(4) and (5), to state that, to be tax qualified, a pension plan must not discriminate in favor of officers, shareholders, supervisors or highly compensated employees; but that a plan was not discriminatory merely because it excluded employees the whole of whose remuneration constitutes wages for Social Security purposes. IRS regulations and Revenue Rulings implementing this provision have defined what constitutes a valid or invalid integration for purposes of the Code. *See Alessi, supra,* 451 U.S. at 519 n. 15, 101 S.Ct. at 1904 n. 15. In addition, the Code, and accompanying IRS regulations, also establish nonforfeiture provisions for pensions plans which are substantially identical to the nonforfeiture provisions of ERISA. 26 U.S.C. § 411(a). Although ERISA omits the nondiscrimination provisions of the Code, both ERISA and the Internal Revenue Code thus bar an employer from causing forfeiture of vested pension benefits. 29 U.S.C. § 1202(c); III Legislative History 4543–44 (Conference Report). When it adopted ERISA, "Congress thereby permitted integration along the lines approved by the IRS." *Alessi, supra,* 451 U.S. at 521, 101 S.Ct. at 1905; III

---

**4.** As an example of an unreasonable method of estimating social security benefits, Sinai could not estimate an employee's primary Security benefit by reading the plan literally and assuming that employees have "always" been covered by the Social Security Act, from birth to age 65, in order arbitrarily to increase the offset established by the plan.

Legislative History 4547–48 (Conference Report).

█ The regulations implementing ERISA exempt from the nonforfeiture provisions pension benefits which are reduced "to take into account benefits which are provided under the Social Security Act and which are taken into account in determining plan benefits." 26 C.F.R. § 1.411(a)–4(a). Reductions in pension benefits may be based on reasonable estimates of Social Security benefits. But estimates which are not reasonable calculations of actual Social Security benefits, by implication, violate the nonforfeiture provisions of ERISA. In so doing, ERISA forces employers to inform employees of their true intentions regarding integration and thereby improves the chances for informed decisionmaking and bargaining by employers and employees. 29 U.S.C. § 1001(a); H.Rep. No. 93–533, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Ad. News 4639; H.Rep. No. 93–807, *Id.*, at 4682.

This conclusion also finds support in the rules governing tax qualified pension plans which are set forth in part in Revenue Ruling 84–45. The ruling states that forfeiture does not occur when pension benefits are offset by actual Social Security benefits. But the Ruling also states that "[i]f a plan calculates offsets on the basis of estimated compensation, it is possible for a participant to suffer an impermissible forfeiture under Section 411 of the Code." Forfeiture occurs as the result of estimates of compensation when "the estimated offset is greater than the actual offset."

The nonforfeiture provisions of the statute must also be read in conjunction with the other provisions of the statute to determine their meaning in this case. *See Nachman Corp., supra,* 446 U.S. at 361, 100 S.Ct. at 1726. 29 U.S.C. § 1053 sets forth the nonforfeiture requirement and minimum vesting standards of ERISA. This section is followed by § 1054 which establishes the level of accrued benefits to which the minimum vesting percentages must be applied. Those provisions prohibit an employee from accruing benefits in any plan year greater than 133 percent of the annual rate at which he accrued benefits in an earlier year. 29 U.S.C. § 1054(b)(1)(B). In calculating accrued benefits under the 133 percent standard, ERISA states that "Social Security benefits and all other relevant factors used to compute benefits shall be treated as remaining constant." 29 U.S.C. § 1054(b)(1)(B)(iv). This phrase is repeated elsewhere in § 1054 regarding other requirements for estimating accrued benefits. § 1054(b)(1)(C), (G).

Congress adopted § 1054 because it was concerned that without fair and equitable procedures for computing accrued pension benefits, employers could easily circumvent the requirements of minimum vesting which are essential to the Act. House Rep. 93–807, supra, at 4727–28; III Legislative History 4540 (Conference Report). These provisions prevent employers from backloading accrued pension benefits until an employee's last years of employment. Without a limit on backloading, employers could thwart the minimum vesting requirements of the Act by promising pension benefits to employees only after many years of employment. *Id.* The need for the provision governing treatment of Social Security benefits is also self evident; without this requirement, employers could manipulate estimates of Social Security benefits to backload accrued pension benefits. H.Rep. 93–807, *supra,* at 4728.

█ Thus, Congress in § 1054 expressly authorized integration of Social Security benefits but with language indicating that unreasonable estimates of Social Security benefits, violate ERISA. Congress also expressed the intention that integration should be not used to undermine the minimum vesting or nonforfeiture requirements of ERISA through techniques such as backloading. Manipulating Social Security benefits estimates can achieve the same result as backloading accrued pension benefits because artificially increasing those estimates discriminates in favor of senior employees. Employees with longer work histories will tend to receive higher actual Social Security benefits which will tend to match estimated benefits, which have been artificially inflated by assuming long work

histories or large average monthly incomes.

■ We hold therefore that ERISA's forfeiture provisions and the plan itself bar the use of estimates of Social Security benefits to offset pension benefits which are not reasonably related to the actual level of Social Security benefits.

### III

The district court correctly found that Sinai's method of calculating actual Social Security benefits causes forfeiture of accrued benefits. Sinai employs a method of calculating an employee's primary Social Security benefit which is not mentioned in the plan and which is unreasonable. Sinai calculates "current monthly compensation" by determining the highest monthly earnings of the employee during the previous five years of the employee's employment. SSA, in contrast, computes average monthly compensation by adding the claimant's earnings since 1951, except for the five years during which the claimant's earnings were lowest, and dividing the total by the number of months in those years. 1 [CCH] Unemp.Ins.Rep. § 12,001 at 1018–19. In addition, Sinai's pension tables assume that an employee has always been covered under the Social Security Act; SSA, in contrast, computes actual Social Security benefits based on whether an employee was actually covered by the Act. The plan administrator then merges these two assumptions by presuming in all cases that employees were paid wages equal to their average monthly compensation in covered and uncovered years. As the district court correctly concluded, these erroneous assumptions mean that "the stream of Social Security Income ... actually received by the employee will always be lower than the Plan estimates it will be."

The plan's method of integrating Social Security benefits violates ERISA's nonforfeiture requirements in two ways. First, the method of calculation used by Sinai violates the plan because it employs a method of calculating Social Security benefits which is unreasonable and which is not stated in the plan. While the plan states

that the estimate governs eligible employees, assuming that the employee has always been a covered employee under the Social Security Act, the plan actually assumes that employees receive wages which are substantially higher than is required for coverage under the Social Security Act. A covered employee under the Social Security Act has insured status prior to retirement. 42 C.F.R. § 404.310; 1 [CCH] Unemp.Ins.Rep. § 12,001, at 1013. A person is insured if he has a sufficient number of quarters of coverage—at least one quarter year of coverage in each year after 1950 or after the person has reached the age of 21—credited to his Social Security earnings record. 42 U.S.C. § 414(a). A quarter of coverage means a quarter in which an individual has been paid $50 or more in wages. 42 U.S.C. § 413(a)(2). After 1978, a person will be credited with a quarter of coverage in a year only if his wages exceed from $250 in 1978 to $460 in 1987. 29 U.S.C. § 413(d)(1); 1 [CCH] Unemp.Ins.Rep. § 12,001, at 1013.

■ Thus, the plan entitled Sinai to assume that an employee was covered by the Act and earned annual wages from $250 to $460 after 1978 and $200 before 1978. Sinai's estimates, however, assumed that employees earned their highest monthly wage of the previous five years over a thirty year period. This method of calculation violated the plan because it assumes more than minimum coverage by the Social Security Act.

■ Second, the estimating techniques used by Sinai are an unreasonable method of integration and thus violated the nonforfeiture provisions of the Act. This method of calculation is unreasonable because it is not intended to provide a reasonable estimate of an employee's actual Social Security Benefit. It systematically overestimates an employee's Social Security benefit because it does not employ a reasonable average of an employee's past earnings and because it assumes that an employee has always been covered by the Social Security Act. Although the latter assumption is stated in the plan, it nonetheless violates ERISA's proscription against unreasonable

integration. The methods used by Sinai to make their estimates therefore cause forfeiture of vested rights of the employees in violation of ERISA.

Sinai acknowledges the bias contained in its estimates. Sinai contends that its formula is fair because it ensures that employees with identical lengths of service and compensation at Sinai Hospital will receive the same pension benefits without regard to earnings elsewhere. Whatever the merits of Sinai's stated goals, Sinai's method of achieving this goal violates the nonforfeiture provisions of ERISA by employing an unreasonable method of integration and by violating the plain language of the plan itself. Sinai's stated reason for its assumptions emphasizes the disparity between the goal of integration and Sinai's interpretation of the plan. It is unlikely that employees of Sinai with identical lengths of service and compensation will have identical lengths of service and compensation as covered employees under the Social Security Act prior to their service for Sinai; in fact it is nearly impossible.[5]

Thus, the district court correctly concluded that the plaintiffs were entitled to summary judgment based on their claim that the use of the offset by Sinai violated the nonforfeiture provisions of ERISA.

### IV

■ Sinai also challenges the district court's order of summary judgment as it applies to plaintiff Dameron because Sinai maintains that her claim was barred by laches or the applicable statute of limitations. Mrs. Dameron filed the complaint in this action on August 2, 1983, more than three years after receiving notice that her appeal of her benefits was denied by Sinai. The district court ruled that her claim was barred by laches but reversed its decision upon reconsideration, concluding that Dameron's claim was not barred because of undue or prejudicial delay.

This action was brought pursuant to the civil enforcement provisions of ERISA. 29 U.S.C. § 1132. The substance of the plaintiff's claim is that the defendants violated the nonforfeiture provisions of ERISA. The district court applied the equitable doctrine of laches because we have held, for purposes of the seventh amendment right to a jury trial, that actions under ERISA are equitable. *Witmeyer v. Kilroy*, 788 F.2d 1021 (4 Cir.1986); *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003 (4 Cir.1985); *Sinai Hospital of Baltimore, Inc. v. National Benefit Fund for Hospital and Health Care Employees*, 697 F.2d 562 (4 Cir.1982). Case law applying the seventh amendment, however, determines whether actions under statutes adopted since the merger of law and equity are analogous to legal or equitable actions as they existed at the time of the adoption of the seventh amendment. *Ross v. Bernhard*, 396 U.S. 531, 538 & n. 10, 90 S.Ct. 733, 738 & n. 10, 24 L.Ed.2d 729 (1970). For purposes of the applicable limitations period, however, this is an action under ERISA and is governed by that statute. *Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan*, 713 F.2d 247, 250 (7 Cir.1983).

■ ERISA provides no explicit limitation period for bringing a private cause of action. In such circumstances, the federal courts look to state law for an analogous limitation provision to apply. *See Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). This case deals with a claim that Sinai breached its duty under the pension plan to provide the plaintiffs with their vested rights. The issue in this case is analogous, therefore, to a breach of contract action. *Jenkins, supra*, 713 F.2d at 252. The limitation period for contract actions under Maryland law is three years. Md. Courts & Jud.Proc.Code § 5–101.[6]

■ A three year limitation period should thus be applied to the Dameron's

---

**5.** Sinai emphasizes that the IRS reviewed its plan and determined that the plan's formula did not constitute a violation of the nonforfeiture provisions of the Code. The IRS's determination does not discuss the issues which have been raised in this case. While it is possible that the IRS considered in detail the nonforfeiture issues

involved here, its silence on the question indicates that its determination merits little deference.

**6.** Upon return to the district court, the plaintiff may attempt to assert her claim that the defendants breached their fiduciary duty under ERISA

claim in this case. The plan in this case provided that eligible retirees would be paid a pension on a monthly basis. Sinai's violation of the vesting provisions of this plan, like an analogous breach of contract action, constituted a series of successive breaches of the nonforfeiture provisions of ERISA. *Cf.* Williston, 18 Law of Contracts § 2026(c) (3d Ed.1978). Thus, Dameron's claim in this action is limited to a claim for pension benefits which was denied within three years prior to commencement of her suit against Sinai.[7]

## V

The judgment of the district court is reversed insofar as it failed to apply a three year statute of limitations period to the successive claims of plaintiff Dameron, but it is affirmed in all other respects.

AFFIRMED IN PART; REVERSED IN PART; AND COSTS ASSESSED AGAINST APPELLANTS.

and the LMRA. The district court may decide in that case that the equitable doctrine of laches is the most appropriate limitation period for purposes of borrowing from state law.

7. The plaintiff contends that, even if the statute of limitations for contract actions applies in this case, the period did not commence to run until she discovered the method by which Sinai calculated estimated Social Security benefits. The limitation period began running when the plaintiff was notified in June of 1980 that Sinai intended to offset her benefits by an estimate that was greater than the actual amount of Social Security benefits that she was receiving. While she was unaware of the exact reason for the difference between Sinai's estimate and her actual benefits, she was at that point on notice that she should pursue her rights under ERISA.