**Betty DIGIACOMO, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, Defendant.**

No. 88 C 1385.

United States District Court, N.D. Illinois, E.D.

July 5, 1988.

George M. Petrich, Chicago, Ill., for plaintiff.

Joseph J. Hasman, Daniel A. Engel, Anna S. Richo, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., Sandra Parker, New York City, for defendant.

## ORDER

BUA, District Judge.

Plaintiff claims that her deceased husband's insurance policy entitles her to death benefits. In response, defendant has moved for summary judgment. For the reasons stated herein, this court grants defendant's motion for summary judgment.

## I. FACTS

As an hourly employee of Republic Steel Corporation ("Republic"), Salvatore DiGiacomo received life insurance coverage under Republic's employee benefits plan. Shortly after DiGiacomo died in April 1987, Republic notified his widow, plaintiff Betty DiGiacomo, that she could not collect death benefits under her husband's insurance policy. Republic's insurance carrier, defendant Metropolitan Life Insurance Co. ("Metropolitan"), had apparently canceled Salvatore DiGiacomo's coverage in 1978 because he failed to respond to Metropolitan's request for an updated medical evaluation. When Mrs. DiGiacomo learned that she could not collect on her deceased husband's policy, she initiated this lawsuit. Her complaint essentially alleges that Metropolitan breached its contract to provide her husband with insurance coverage.

## II. DISCUSSION

In order to prevail on a motion for summary judgment, the moving party must establish that there is no genuine issue as to material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *see also Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972). In the case at bar, Metropolitan has carried its burden under Rule 56. As Metropolitan points out, Mrs. DiGiacomo's claim rests entirely on the state law theory of breach of contract. Regardless of any factual dispute between the parties, federal law pre-empts Mrs. DiGiacomo's state law claim.

Republic's provision of insurance coverage for its employees qualifies as an "employee welfare benefit plan" under the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), § 3(1), 29 U.S.C. § 1002(1) (1982). Therefore, all claims under Republic's employee benefits plan fall within the purview of ERISA. Last year, the Supreme Court ruled that ERISA pre-empts all common law claims relating to employee benefit plans. *Pilot Life Insurance Co. v. Dedeaux*, — U.S. —, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Insurance Co. v. Taylor*, — U.S. —, 107 S.Ct. 1542, 95 L.Ed2d 55 (1987). Pursuant to ERISA's saving clause, § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A), only laws that regulate insurance can escape the pre-emptive effect of ERISA. *Pilot Life Insurance Co.*, 107 S.Ct. at 1552. Mrs. DiGiacomo's claim simply does not fall within this limited exception to pre-emption. Her allegation of breach of contract is precisely the type of common law claim that ERISA pre-empts. *See Metropolitan Life Insurance Co.*, 107 S.Ct. at 1546.

Mrs. DiGiacomo argues that ERISA does not apply to her claim because Metropolitan issued her husband's policy in 1970,

five years before ERISA took effect. Her argument misses the mark. To determine ERISA's applicability to the instant case, this court must look not to the date the policy issued, but to the date the claim arose. Under ERISA, a cause of action accrues at the time benefits are denied. *Jenkins v. Local 705 Int'l Brotherhood of Teamsters Pension Plan*, 713 F.2d 247, 254 (7th Cir.1983); *Reiherzer v. Shannon*, 581 F.2d 1266, 1272 (7th Cir.1978). Thus, Mrs. DiGiacomo's claim arose in 1987— more than a decade after ERISA's effective date. Clearly, ERISA governs her cause of action, preempting the state law claim that she has raised in this lawsuit.

### III. CONCLUSION

For the foregoing reasons, this court hereby grants Metropolitan's motion for summary judgment.

IT IS SO ORDERED.