IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 92-1131

MARY JANE FORBUSH,

Plaintiff-Appellant,

versus

J.C. PENNEY COMPANY, INC.,
PENSION PLAN, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas

(June 25, 1993)

Before REYNALDO G. GARZA, HIGGINBOTHAM, and EMILIO M. GARZA,
Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

I.

This is an interlocutory appeal from the district court's refusal to certify a class. Plaintiff Mary Jane Forbush, a vested retiree under the J.C. Penney Company Pension Plan, sued Penney on behalf of herself and all those similarly situated. Forbush worked at a California Penney store from 1970 until 1983, when she was laid off at the age of 62. Under the applicable terms of the Penney pension plan, Forbush became eligible to receive her benefits when she reached the age of 65 in 1985. The plan in effect at that time, however, offset the money due Forbush under the plan by the amount she was estimated to receive from Social Security. Since Forbush's estimated Social Security benefits

exceeded her benefits under the plan, the company determined that she was entitled to nothing.

Forbush filed this class action suit in U.S. District Court for the District of Maryland in 1988, claiming that the plan's method of estimating Social Security benefits violated several provisions of ERISA. See 29 U.S.C. § 1001 et seq. After the Maryland district court ordered the case transferred to the Northern District of Texas, Forbush moved for certification of the class. In her motion Forbush sought to represent all former and current Penney employees:

1) who have been employed by Penney at any time after January 1, 1976;

2) who have, or may obtain, a vested right to benefits under the pension plan; and

3) whose pension benefits have been or will be reduced or eliminated as a result of the plan's overestimation of their Social Security benefits.

Forbush estimated the size of the class at 10,000.

II.

Penney opposed Forbush' motion on several grounds, but relied most heavily on the fact that the potential class was covered by four different pension plans. From 1976 to 1982, the plan used the "prior earnings method" in estimating a retiree's Social Security benefits. This method assumed that an individual's earnings before joining the company were similar to the wages she received during her first year with Penney. As Forbush points out, this method had an especially negative impact upon women retirees, for whom the

2

assumption of full-time employment during all of the years before coming to Penney was unrealistic.

In July 1982, Penney offered an alternative method for estimating Social Security benefits. In addition to the prior earnings method, retirees could request that their Social Security benefits be determined under the "zero earnings method." This second method relied entirely on the employee's earnings with Penney, assuming zero earnings elsewhere, and then offset that amount by 60%. Penney instituted yet a third method of estimating Social Security benefits in 1984, a two-step "prorated method." It first determined the retiree's total wages by disregarding all non-Penney earning years, and then prorated this sum by multiplying it by the number of years in service and then dividing by thirty. Penney finally decided to eliminate the social security offset from the pension plan in 1989.

Forbush sought certification of the class under Fed.R.Civ.P. 23 (b) (2).[1] The district court, however, denied Forbush's motion,

---

[1]Rule 23 sets out four prerequisites for any class action:

1) the class is so numerous that joinder is impracticable;
2) there are questions of law or fact common to the class;
3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23 (a). Assuming these threshold requirements are met, the action may be maintained as a class action if:

(b) (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

holding that the "problem with the proposed class is that the merits of each class member's claim will have to be decided on an individual basis." Since several "issues will have to be resolved in each individual case before members of the class would be entitled to relief," the district court found that "the class proposed by Plaintiffs will in no way effectuate the principal purpose of Rule 23."

Forbush's primary contention on appeal is that the district court improperly imported 23 (b) (3)'s "predominance" and "manageability" requirements in denying her motion to certify the class under 23 (b) (2). The parties initially disagree on the proper standard of review. Penney contends that a district court's denial of a certification motion may be reversed only where the court has abused its "substantial discretion." Richardson v. Byrd, 709 F.2d 1016, 1019 (5th Cir.) ("complex cases cannot be run from the tower of the appellate court"), cert. denied sub nom. Dallas County Comrs. Court v. Richardson, 104 S.Ct. 527 (1983). Forbush agrees that a district court's application of Rule 23 to the facts of a particular case is entitled to great deference, but argues that this relaxed standard of review is not appropriate where, as here, the court has applied the wrong rule or misinterpreted the requirements of the governing provision. Such legal errors, Forbush contends, should be reviewed de novo. Penney does not

---

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4

question this higher scrutiny for legal issues, but argues that the alleged error cited by Forbush is the product of her willful misreading of the district court's decision. The dispute over the standard of review thus reduces itself to a question of interpreting of the district court's opinion.

The district court found it "unnecessary to resolve the issue of whether certification under (b)(2) or (b)(3) is more appropriate," for it believed that "[c]ertification under either of these subdivisions is improper." The court then specifically rejected Forbush's contention "that a class action is necessary because of the common issue of whether the alleged overestimation of social security benefits violates [ERISA]." As the district court saw it, "[t]he problem with the proposed class is that the merits of each class member's claim will have to be decided on an individual basis. The propriety of injunctive relief sought by Plaintiffs will turn upon a consideration of the individual circumstances of each class member." The court concluded by identifying five separate issues that would "have to be resolved in each individual case before members of the class [would] be entitled to relief."[2]

---

[2]These five issues, according to the district court, were:

(1) whether social security benefits were actually overestimated, which necessarily involves calculating the pension benefits for every J.C. Penney employee that has retired since January 1, 1976;

(2) the extent of overestimation;

(3) the amount of foregone past pension benefits each class member is entitled to;

The court then discussed <u>Dameron v. Sinai Hospital of Baltimore</u>, 595 F.Supp. 1404 (D.Md. 1984), <u>aff'd in part and rev'd in part</u>, 815 F.2d 975 (4th Cir. 1987), a case in which a similar challenge to methods of calculating social security benefits was certified as a class action. The court found that the "predominance of individual issues in the present case distinguishes it from <u>Dameron</u>." While <u>Dameron</u> involved a class of fifty plaintiffs, the court noted that the class here was 10,000. Moreover, while "<u>Dameron</u> involved only one plan, Forbush's claims involve the analysis of at least four different J.C. Penney pension plans." These two factors "increased the issues that will have to be resolved on an individual basis." Given the number of potential plaintiffs and differing claims, the district court concluded that "certification of the proposed class will not promote judicial economy, nor will class injunctive relief be appropriate in light of the prevailing individual issues."

IV.

Forbush reads the district court's opinion to hold that certification of the class "was inappropriate because individual relief issues predominated over common ones, resulting in increased litigation costs and making the case difficult to manage." If so read, the decision indisputably rested on two considerations relevant under 23 (b) (3), not 23 (b) (2). First, the question of

(4) whether family members of a deceased former employee are entitled to foregone pension benefits; and

(5) whether a particular person's claim is barred by the statute of limitations.

whether common issues "predominate" over individual ones has no place in determining whether a class should be certified under 23 (b)(2). See, e.g., Adamson v. Bowen, 855 F.2d 668, 676 (10th Cir. 1988) (Plaintiff "sought relief under Rule 23 (b)(2), which contains no requirement of 'predominance.' The district court placed upon the class a burden that the rule does not authorize"). Second, questions of manageability and judicial economy are also irrelevant to 23 (b)(2) class actions. See, e.g., Johnson v. American Credit Co., 581 F.2d 526, 531 n.9 (5th Cir. 1978) ("The defendants argue that the class is unmanageable because it is too large and too diversified. This argument would be relevant only if [plaintiff] had sought class certification under Rule 23 (b)(3)"). It would follow that the district court applied the wrong legal standards and the order denying class certification could not stand.

Penney agrees that Rule 23 (b)(2) contains no requirements of "predominance" and "manageability." But it contends that the district court's denial of Forbush's certification motion does not rest there. Rather, the court's discussion should be read, Penney asserts, as a determination that Forbush has not satisfied the threshold requirements set out in 23 (a), assertedly six in number: (1) that plaintiff define the class with some specificity; (2) that plaintiff be a member of the class; (3) that the class be so numerous that joinder is impracticable; (4) that there are issues of law or fact common to the class; (5) that the claims of the representative plaintiff be typical of the class; (6) that the

7

named plaintiff adequately represent the interests of the class. Penney contends that Forbush has not satisfied the requirements of (1) specificity, (4) commonality, (5) typicality, and (6) adequacy of representation.[3]

Penney concedes that the first requirement of specificity is not contained within Rule 23 (a)'s express provisions, but asserts that it has been "implied" by courts. A requirement that the class be defined with some specificity is sensible in the abstract, but the application of this "rule" in the manner proposed by Penney is not. Forbush defines the class as including all current and former Penney employees "whose pension benefits have been, or will be, reduced or eliminated as a result of the overestimation of their Social Security benefits." Penney asserts that this definition is hopelessly "circular," as the court must first determine whether an employee's pension benefits were improperly reduced before that person may be said to be a member of the class. This argument is meritless and, if accepted, would preclude certification of just about any class of persons alleging injury from a particular

---

[3]At the outset, we note that the district court rejected the primary contention advanced by Penney below and renewed here. Class actions are appropriate under Rule 23 (b) (2) only where plaintiffs seek "final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Penney has repeatedly claimed that 23 (b) (2) is not available to Forbush because she seeks to recover money damages, namely the benefits she was denied under the pension plan. The able district court properly declined to rest its decision on this basis. "Class certification under Rule 23 (b) (2) does not automatically preclude an award of monetary damages when the primary relief sought is injunctive or declaratory." Parker v. Local Union No. 1466, 642 F.2d 104, 107 (5th Cir. 1981); Johnson v. General Motors Corp., 598 F.2d 432, 437 (5th Cir. 1979).

8

action.  These persons are linked by this common complaint, and the possibility that some may fail to prevail on their individual claims will not defeat class membership.

Penney's "specificity" argument is best seen as an assertion of its "commonality" claim in a different guise.  Penney contends that certification is improper because there is no question of law or fact common to the members of the proposed class.  The various employees included in the class, in addition to their different terms of service, are covered by four different pension plans and consequently four different means of allegedly overestimating Social Security benefits.  Because this case presents not one question, but several, Penney claims that there is no commonality among the class members.  Any attempt by Forbush to depict the case as raising a single challenge must be regarded, Penney concludes, as illegitimate "bootstrapping."

The common issue alleged by Forbush is whether Penney's alleged overestimation of social security benefits violates ERISA's nonforfeiture provisions.  See, e.g., 29 U.S.C. §§ 1054, 1202; see also Dameron v. Sinai Hospital of Baltimore, Inc., 815 F.2d 975, 978-81 (4th Cir. 1987).  Framed in this manner, Forbush has met the commonality requirement, despite the fact that four different pension plans are involved.  See, e.g., Johnson, 581 F.2d at 532 (plaintiffs attack six different methods of pre-judgment attachment).  The interests and claims of the various plaintiffs need not be identical.  Rather, the commonality test is met when there is "at least one issue whose resolution will affect all or a

9

significant number of the putative class members." Stewart v. Winter, 669 F.2d 328, 335 (5th Cir. 1982). For this reason, "[t]he threshold of 'commonality' is not high." Jenkins v. Raymark Industries, 782 F.2d 468, 472 (5th Cir. 1986). Although the subsequent determinations of individual awards are likely to be far less mechanical than Forbush suggests, the necessity for even somewhat complex individual calculations does not supply a basis for concluding that Forbush has not met the commonality requirement.

Penney finally argues that Forbush's claims are not "typical" of the class and that she will not, for this reason, adequately represent the interests of the class. The test for typicality, like commonality, is not demanding, Shipes v. Trinity Industries, 987 F.2d 311, 316 (5th Cir. 1993), and Penny's argument here fails for similar reasons. It is true that much of the putative class is covered by plans other than the one applicable to Forbush, but Forbush has framed her challenge in terms of Penney's general practice of overestimating social security benefits. Her claim is therefore typical and thus provides no basis for suspecting that she will not adequately represent the interests of the class.

The order denying class certification is reversed and this case is remanded with instructions to certify the class as requested by Forbush. We are aware of the sometime abuse of the class device; but that unfortunate reality makes all the more important that we not reflexively reject its use in appropriate cases. The concerns expressed by Judge Emilio M. Garza, as well as

10

the district court, regarding the necessity of individualized determinations are important but not, we believe, dispositive, at least at this stage of the litigation. District courts retain substantial discretion in managing their cases and, should the conditions apprehended by Judge Garza materialize, the district judge may of course take measures, such as redefining the class and creating sub-classes, to resolve this dispute with fairness and efficiency. Concerns that the course of the lawsuit may require modifications to the class structure, however, should not serve to defeat this device at the outset.

REVERSED and REMANDED.

EMILIO M. GARZA, Circuit Judge, dissenting:


My main disagreement with the majority lies in their acceptance))for the purpose of Rule 23(b)(2)))of the common issue alleged by Forbush which, in my opinion, sweeps too broadly.[4]

As "Professors Wright and Miller state[,] a rule 23(b)(2) class action is appropriate when `the party opposing the class . . . has established a regulatory scheme *common to all class members . . . .* What is necessary is that the challenged conduct or lack of conduct be premised on a ground that is applicable to the *entire* class.'" *Johnson v. American Credit Co. of Georgia,* 581 F.2d 526, 532 (5th Cir. 1978) (alteration in original) (quoting 7A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §

---

[4] "The common issue alleged by Forbush is whether Penney's alleged overestimation of social security benefits violates ERISA's nonforfeiture provisions." Maj. op. at 9.

11

1775, at 19-20, 21 (1972)). Clearly, the district court was correct in distinguishing *Dameron* on the basis that "`*Dameron* involves only one plan, [while] Forbush's claims involve the analysis of at least four different J.C. Penney pension plans.'" Maj. op. at 6 (quoting Amended Order Denying Plaintiffs' Motion for Certification of a Class, Staying Case, and Certification for Interlocutory Appeal)*; see Dameron v. Sinai Hosp. of Baltimore, Inc.,* 815 F.2d 975 (4th Cir. 1987) ("Sinai employs *a* method of calculating an employee's primary social security benefit which is not mentioned in the plan and which is unreasonable." (emphasis added)).

Rule 23(b)(2) simply does not allow for such a broadly defined class. *See Johnson,* 581 F.2d at 532 ("In contrast, rule 23(b)(2) will not allow an action for this broadly defined class premised on her third argument))that a prior hearing is required because the *six situations* in which attachment is allowed are not `extraordinary situations' under *Fuentes.* This argument obviously raises *six discrete issues* not common to the members of the broadly defined class." (emphasis added)).[5]

For these reasons, and for the reasons stated by the district court,[6] I respectfully dissent. *See Richardson v. Byrd,* 709 F.2d

---

[5]     The *Johnson* court went on to remark that, under Rule 23(c)(4)(B) which allows for subclasses, "Johnson may represent only a subclass consisting of all persons who, like her, have had or will have property attached prior to judgment because they allegedly were removing the property from the state." *Id.*

[6]
        Certification of the proposed class will not promote judicial economy, nor will class injunctive relief be appropriate in light of the prevailing individual issues. Resolution of the issue of whether overestimation of social security benefits for purposes of calculating pension benefits violates ERISA, does not,

1016, 1019 (5th Cir.) ("Complex cases cannot be run from the tower of the appellate court"), *cert. denied,* ___ U.S. ___, 104 S. Ct. 527, ___ L. Ed. ___ (1983).

---

by itself, call for certification of a class action.  In this case, class certification will not reduce litigation expenses in any appreciable quantity, of any persons seeking to recover past pension benefits or ensure proper calculation of future benefits.  Each plaintiff will have to prove entitlement to relief on an individual basis.  Each claim will be based on facts and circumstances unique to the party involved.

Petitioner's Record Excerpts, Tab 4, at 6-7.