Carol Lee **GRIFFIN**, et al.

v.

**HOME DEPOT, INC.**

No. 95–0181.

United States District Court,
E.D. Louisiana.

May 20, 1996.

Patrick M. Amedee, Bobby J. Delise, Joseph Marcellus Bertrand, Alton Jeorld Hall, Jr., Vosbein, Delise, Amedee & Bertrand, New Orleans, LA, Keary L. Everitt, Everitt, Pratt & St. Raymond, Metairie, LA, William H. Brown, III, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, William Lawton Pratt, Everitt, Pratt & St. Raymond, Metairie, LA, Christine Carty, Lisa S. Smith, Schnader, Harrison, Segal & Lewis, New York City, for plaintiffs Carol Lee Griffin, Forrestine Holmes, Bonnie Bamber, Patricia Toural.

Cornelius R. Heusel, Kullman, Inman, Bee, Downing & Banta, P.C., New Orleans, LA, John F. Wymer, III, Robin Catherine Murray–Gill, Powell, Goldstein, Frazer & Murphy, Atlanta, GA, for defendant Home Depot Inc.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court is defendant Home Depot, Inc.'s Motion to Dismiss the Class Action Aspects of this Case. This motion was taken under submission on the briefs. For the following reasons, the defendant's motion is denied.

## BACKGROUND

The named plaintiffs in this matter include Carol Lee Griffin, Bonnie Bamber, Forrestine Holmes, and Patricia Toural (collectively "Plaintiffs"). Ms. Griffin was employed by Home Depot as a designer in New Orleans, Louisiana from February 5, 1991 until her discharge on June 3, 1994. Ms. Bamber was employed by Home Depot as a cashier in Nashville, Tennessee from August 26, 1992 through November 8, 1993, and subsequently employed as a cashier in Baton Rouge, Louisiana from November 12, 1993 until her discharge on November 13, 1994. Ms. Holmes was employed by Home Depot as a cashier in Baton Rouge, Louisiana from March 27, 1990 until her recent resignation. Ms. Toural was employed by Home Depot as a cashier, sales representative, and cashier supervisor in New Orleans and Baton Rouge, Louisiana from July 17, 1986 until her layoff on April 29, 1994.[1]

The plaintiffs filed the complaint with this Court on January 17, 1995 alleging both disparate treatment and disparate impact sex discrimination under Title VII. 42 U.S.C. §§ 2000e—2000e–17. The complaint was filed on behalf of themselves and on behalf of all past, present, and future female employees and applicants in Home Depot's Southeast, Northeast, Midwest and Midsouth Regions who have been or may be denied employment, desirable working hours, compensation and/or other terms and conditions of employment on the basis of sex. The plaintiffs seek not only injunctive and declaratory relief, but also damages for back pay, front pay, lost compensation and job benefits, emotional distress, humiliation, embarrassment, exemplary and punitive damages, attorneys' fees, and pre-judgment and post-judgment interest.

Home Depot has moved to dismiss the class action aspect of this case contending that based on the plaintiffs' allegations and the current state of the law, particularly the enhanced remedies provided under the 1991 Civil Rights Act, the plaintiffs' sex discrimination claims cannot be maintained on a class action basis because the plaintiffs cannot meet the requirements of either Fed.R.Civ.P. 23(b)(2) or (b)(3). At this time, the Court does not agree with this assertion.

## LEGAL STANDARD

■ In deciding whether to certify a class, the court must perform a rigorous analysis of whether the class satisfies Federal Rule of Civil Procedure 23. However, the court may not inquire into the merits of the underlying case. *Heartland Communications, Inc. v. Sprint Corp.,* 161 F.R.D. 111 (D.Kan.1995). The court must assume that the substantive allegations of the complaint are true. *Krehl v. Baskin–Robbins Ice Cream Co.,* 78 F.R.D. 108 (C.D.Cal.1978).

## ANALYSIS

■ In order for class certification to be appropriate, the plaintiffs must establish that their class satisfies all of the requirements of Fed.R.Civ.P. 23(a) and at least one of the subsections of Fed.R.Civ.P. 23(b). Rule 23(a) has four requirements: numerosity, commonality, typicality, and adequacy of representation. The parties, for the purposes of this motion, do not dispute that these four requirements are satisfied. As such, the plaintiffs must establish that they meet at least one of the subsections under Rule 23(b).

The plaintiffs argue that the class they seek to represent should be certified under Rule 23(b)(2) or (b)(3). The defendant argues that, as a matter of law, the plaintiffs cannot meet the requirements of either subsection. While the case law is sparse in this area of the law, there are two schools of thought on this issue which are supported by two competing cases: *Celestine v. Citgo Petroleum Corp.,* No. 93–864, slip op. at 6 (W.D.La. filed Aug. 7, 1995), *aff'd by Dist. Court,* 165 F.R.D. 463 (W.D.La.1995) (supporting the defendant's position) and *Butler v. Home Depot, Inc.,* 94–4335, slip op., 1996 WL 421436 (N.D.Cal. Jan. 25, 1996) (representing the plaintiffs' contentions).

1. *Certification Under Rule 23(b)(2)*

■ Rule 23(b)(2) provides:

---

1. The parties have agreed to settle Ms. Toural's claim by reinstating her to employment, and she presumably will no longer be a party to this action.

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

The primary limitation on certification under Rule 23(b)(2) is that injunctive and/or declaratory relief must be the predominant relief sought for the class. *Celestine v. Citgo Petroleum Corp.*, No. 93–864, slip op. at 6 (W.D.La. filed Aug. 7, 1995), *aff'd by Dist. Court*, 165 F.R.D. 463 (W.D.La.1995). Home Depot argues that since the passage of the Civil Rights Act of 1991, which allowed compensatory and punitive damages in cases involving intentional discrimination, class certification in Title VII cases is inappropriate.[2]

Home Depot bases its argument on the *Celestine v. Citgo Petroleum Corp., supra.* decision. In *Celestine,* the court concluded that the plaintiffs' demand for monetary damages precluded certification under Rule 23(b)(2). The court found that the issues surrounding the claims for injunctive relief and monetary damages were unrelated. *Celestine,* at 469. "The claim for injunctive relief requires the plaintiffs to show that there are policies and procedures which have a disparate impact on [female] employees and applicants while the claim for monetary damages requires each plaintiff to show that . . . she was actually adversely affected by the policies and procedures in place." *Id.* at 469. The court reasoned that because it would be necessary for the plaintiffs to present individualized evidence at separate hearings, monetary damages was the predominant type of relief sought. *Id.* at 469. Thus, class certification under Rule 23(b)(2) was not appropriate in that case.

However, a district court in the Ninth Circuit presented with this issue has reached another result. In *Butler v. Home Depot, Inc.*, 94–4335, slip op., 1996 WL 421436 (N.D.Cal. filed Jan. 25, 1996), a number of women employees of Home Depot alleged gender discrimination under Title VII and moved for class certification. When confronted with the Rule 23(b)(2) issue, the court found that the defendant's arguments that the plaintiffs' claims for monetary damages "overwhelmed" their claims for injunctive relief were "conclusory and, at this early stage, speculative." *Id.* at 10. The *Butler* court believed that the plaintiffs' allegations that the defendant maintained discriminatory policies and practices were sufficient to satisfy the Rule 23(b)(2) requirement. *Id.*

■ This Court agrees with the reasoning of both *Butler* and *Celestine* on this issue. The defendant contends the Court should ignore *Butler* on the grounds that it is based solely on Ninth Circuit precedent and thus should be ignored by this Court in favor of *Celestine* which they say is based on Fifth Circuit case law. To the contrary, *Celestine* cites to a majority of cases from the Ninth Circuit and does not depend on Fifth Circuit law for its holding.[3] This Court does not find that Fifth Circuit precedent precludes the *Butler* reasoning in this instant. Thus, the Court agrees with *Butler* in that the 1991 amendments, giving victims of gender discrimination greater remedies, do not preclude the possibility of a class action in these types of cases. Such a finding is not supported by the legislative history of the amendments nor logical in light of Congress' intent. *See* House Report 102–40 (Part II), 102nd Cong. (May 17, 1991) U.S.Code Cong. & Admin.News 1991 pp. 549, 694.[4]

■ Having found that the Civil Rights Act of 1991 does not preclude a class action under Rule 23(b)(2), the Court still must look at the pleadings in this case to determine if a

2. The Civil Rights Act of 1991 authorized the recovery of compensatory and punitive damages in cases involving intentional discrimination. 42 U.S.C. § 1981a(a)(1). Prior to the passage of the Act, Title VII only afforded equitable relief.

3. There are very few cases which have actually addressed the issues raised in this motion which would explain the *Celestine* court's reliance on case law outside this circuit.

4. This Court believes that Congress' intent was simply to make available to victims of intentional gender and religious discrimination the same remedies which are allowed for victims of intentional race discrimination.

class action is viable under the (b)(2) subsection. As stated above, the plaintiffs seek damages in the form of back pay, front pay, lost compensation, job benefits, emotional distress, humiliation, embarrassment, punitive damages, and attorney's fees along with injunctive and declaratory relief. This Court finds that the predominant relief sought by this class is economic and not injunctive and/or declaratory. Therefore, possible certification of this class under Rule 23(b)(2) is not appropriate in this case.

### 2. Certification Under Rule 23(b)(3)

■ Rule 23(b)(3) provides in pertinent part:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Therefore, in considering certification under Rule 23(b)(3), a court should consider not only commonality but also manageability and judicial economy. *Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101, 1104–05 (5th Cir. 1993).

Again, Home Depot relies on *Celestine* to argue that class action jury trials are not the most efficient manner of handling suits alleging intentional discrimination. *Celestine*, at 471. "If the court were to certify the injunctive claims as a class action wherein the pattern or practice claims would be tried to a jury and the disparate impact claims would be tried to the judge, the pattern or practice claims would also have to be relitigated in each plaintiff's disparate treatment and damages cases if the parties' assertion that they are entitled to have the same jury determine liability and damages is true." *Id.* at 471.

In contrast, the *Butler* court determined that the case would best be handled if bifurcated. The *Butler* court noted that courts routinely certify classes in similar employ-ment discrimination cases by separating the trials into two phases. *Butler,* slip op. at 11 (citing *Arnold v. United Artists Theatre Circuit, Inc.,* 158 F.R.D. 439 (N.D.Cal.1994)). In the first phase, class-wide damages and injunctive relief are determined. In the second phase, the individual compensatory damages issues are resolved. *Butler,* slip op. at 11. Because the second phase would involve adjudicating individual compensatory damage claims, it would not involve the same issues as did the first phase involving liability. *Id.* at 12. Furthermore, the Seventh Amendment does not mandate that all phases of the litigation be heard by the same jury. *Id.* at 12–13. While the court ruled class certification was proper for the first phase—the liability phase—of the trial, the court deferred ruling on the issue of class certification with respect to the second phase of the trial. *Id.* at 13.

■ This Court agrees with the *Butler* decision that a case such as the one can be managed as a class action. Therefore, the issues of manageability and judicial economy do not preclude a class action here under Rule 23(b)(3). But the analysis does not end there, the Court must also determine if there are questions of law and fact common to all members of the proposed class. This is necessarily a fact specific inquiry. At present, no discovery has been done and the Court has only the pleadings before it. At this juncture, one can postulate that there is sufficient commonality of facts to satisfy Rule 23(b)(3) but the plaintiff faces a considerable burden on this point.

Therefore, considering the posture of this case and the nature of this motion, this Court finds, at this time, the allegations made by the plaintiff are sufficient to meet the requirements of Rule 23(b)(3). This aspect of class certification may be revisited by the Court after the parties have pursued some discovery on these issues.

### CONCLUSION

THEREFORE for the foregoing reasons IT IS ORDERED that defendant Home Depot's motion to dismiss the class action as-

192

pect of this case is HEREBY DENIED at this time.