Ted HILL, Sr. on behalf of himself and all others similarly situated, Plaintiff,

v.

GALAXY TELECOM, L.P. and Galaxy Telelcom, L.P. d/b/a/ Galaxy Cablevision Defendants.

No. CIV. 1:98CV51–D–D.

United States District Court, N.D. Mississippi, Eastern Division.

Jan. 12, 1999.

John W. (Don) Barrett, Barrett Law Offices, Lexington, Gordon Ball, Gordon Ball, Knoxville, TN, Michael B. Hyman, Much, Shelist, Freed, Denenberg & Ament, Chicago, IL, Steven A. Martino, Jackson, Taylor & Martino, Mobile, AL, Philip S. Friedman, Ifshin & Friedman, PLLC, Washington, DC, Peter Lubin, Ditommasso & Associates, Oakbrook, IL, Patrick W. Pendley, Patrick W. Pendley, APLC, Plaquemine, LA, Nyle Politz, Patrick W. Pendley, APLC, Plaquemine, LA, for Plaintiff.

Charles J. Swayze, Jr., Whittington, Brock, Swayze & Dale, Greenwood, for Defendant.

## *OPINION*

DAVIDSON, District Judge.

Presently before the court is Plaintiff Ted Hill Sr.'s Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The plaintiff seeks to certify and define the class as follows:

> [A]ll persons who are, or were, subscribers to cable television service provided by Galaxy Telecom, L.P. either directly or through its use of d/b/a's such as Galaxy Cablevision and were charged five dollar late fee for payments made after the "due date" listed on subscribers' monthly bills.
>
> This Class does not include any employees of Galaxy or their relatives, as well as relatives of the judge assigned to this action.

Plaintiff's Motion for Class Certification ¶ 7. Upon due consideration of the aforesaid motion, the court finds the plaintiff's motion well-taken and shall certify the proffered class.[1]

## *FACTUAL BACKGROUND*

In 1997, Galaxy became Mr. Hill's cable service provider. Galaxy sent Mr. Hill a

---

1. The court's order includes a slightly altered definition of the class.

monthly billing statement which stated the 10th of the month as the due date for payment for services. Additionally, the billing statement stated that a five dollar late payment would be assessed on Mr. Hill's bill if payment was not received by the 10th of the month. Mr. Hill asserts that the five dollar late fee did not reasonably reflect Galaxy's cost in processing late payments, but rather was arbitrary and simply served as a penalty. Additionally, Mr. Hill claims that Galaxy was unjustly enriched by these payments and that Galaxy breached its duty of good faith and fair dealing.

## LEGAL DISCUSSION

### I. FEDERAL RULE OF CIVIL PROCEDURE 23(a)

 In order to maintain a cause as a class action, "the plaintiff must make a prima facie showing in its pleading that it satisfies Rule 23." *Moore Video Distribs., Inc. v. Quest Entertainment, Inc.*, 823 F.Supp. 1332, 1338 (S.D.Miss.1993). *See Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 573 (5th Cir.1995) (burden of proof on party seeking class certification). If the court is satisfied, after "rigorous analysis," that all prerequisites have been met, the class may be certified. *Falcon v. General Tel. Co.*, 815 F.2d 317, 319 n. 2 (5th Cir.1987). However, "[t]he district court has wide discretion in deciding whether to certify a class action." *Applewhite*, 67 F.3d at 573; *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 471–72 (5th Cir.), *reh'g denied*, 785 F.2d 1034 (5th Cir. 1986).

To qualify as a class action, the proposed class must initially meet all four requirements of subdivision (a) of Rule 23, commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation." Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if[:]
>
> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The proposed plaintiff class meets all four of the requirements set out in subdivision (a).

### A. Numerosity

 The first explicit requirement of Rule 23(a) is that the class must be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a). Practicability of individual joinder is the main focus, but a court may also consider other factors including the number of claimants and the nature of the action. *Watson, et al. v. Shell Oil Co.*, 979 F.2d 1014, 1022 (5th Cir.1992) (noting that numerosity requirement imposes no mechanical rules). *See General Tel. Co. v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 1706, 64 L.Ed.2d 319 (1980); *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir.1981); *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir.1980) (noting court should also consider "ease of identifying [the class's] members and determining their addresses, facility of making service on them if joined and their geographic dispersion."), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981). The plaintiff asserts that the class will consist of thousands of Galaxy's customers. The defendants do not dispute the existence of numerosity required by Rule 23(a)(1). Numbering in the thousands, this class is clearly so numerous that joinder of all members would be impracticable.

### B. Commonality/Typicality

██ "The commonality and typicality requirements tend to merge." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982). Therefore, the two requirements will be discussed together. Rules 23(a)(2) & (3) require that the plaintiff prove that "common questions of law or fact are held by all members of the proposed class," and that the claims or defenses of the

representative are typical of the claims or defenses of the class. Fed.R.Civ.P. 23(a)(2) & (3).

■ The Fifth Circuit has held that the threshold of "commonality" is not a high one. *Applewhite*, 67 F.3d at 573; *Jenkins*, 782 F.2d at 472. However, "class certification requires at least two issues in common." *Applewhite*, 67 F.3d at 573; *cf. Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir.1993) (requiring all class members share at least one element of cause of action); *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir.1982); *Moore Video*, 823 F.Supp. at 1339 ("The rule requires only that resolution of the common questions affect all or a substantial number of the class members.").

> The interests and claims of the various plaintiffs need not be identical. Rather, the commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members. For this reason, the threshold of commonality is not high.

*Forbush*, 994 F.2d at 1106.

■ Although commonality and typicality substantially overlap, a prominent consideration exclusive to the typicality requirement is whether "there is an absence of an adverse interest between the representative parties and other members of the class." *Id.* Typicality does not require the claims of the class members to be identical, however. *Id.* Instead, a typical claim is one which members of the proposed class should reasonably be expected to raise. *Id.* Substantial similarity of legal theories will also satisfy this third requirement despite strong factual differences. *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985).

1. The Involvement of 15 different states

■ In this action, the proposed class extends to fifteen states.[2] The Supreme Court has upheld the designation of class actions despite a large and geographically diverse class. *Califano v. Yamasaki*, 442 U.S. 682, 701–02, 99 S.Ct. 2545, 2558, 61 L.Ed.2d 176 (1979). The defendants argue that there are too many individualized facts and laws that must be established by each class member. Furthermore, the defendants argue that since Galaxy has customers in 15 different states, the 15 variations of the law will have to be applied thereby destroying all legal commonality. However, the plaintiff seeks relief on behalf of the purported class pursuant to common law principles of contract law and fraud. The plaintiff lists the following factual and/or legal issues common to the class:

> (a) Did Galaxy engage in a pattern, practice and scheme to defraud its subscribers by charging a five dollar ($5.00) late fee when said late fee bore no relationship to the actual costs incurred by Galaxy in processing late payments?
>
> (b) Did Galaxy conceal and misrepresent the actual purpose of the fee charge as a revenue producing item for Galaxy?
>
> (c) Does Galaxy's five-dollar late fee constitute a penalty, therefore, making it unlawful as a liquidated damage amount?
>
> (d) Did Galaxy, through its actions, benefit from unjust enrichment at the expense of the class?
>
> (e) Did Galaxy's conduct involve fraud, malice, and wilful and wanton conduct entitling class members to an award of punitive damages?

*See* Memorandum of Law in Support of Plaintiff's Motion for Class Certification, p. 7. The central question to be resolved by this litigation is whether the "late charge fees" charged by Galaxy for late payment was a legitimate, reasonable fee for processing late payments or whether it was an arbitrary fee that served as an illegal penalty. The law on this main issue of the litigation is similar in all relevant states. *See* Response to Defendants' Memorandum of Law in Response to Plaintiff's Motion for Class Certification, pp. 11–12 (listing case from each state which coincides with Mississippi law). "The diversity of named plaintiff[ ] who differ[s] in [his]... conduct is often cited by defendants as an impediment to class certification. However, as long as the substance of the

---

**2.** The states are Alabama, Colorado, Florida, Georgia, Illinois, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Missouri, Nebraska, South Carolina, Tennessee, and Texas.

claim is the same as it would be for other class members, then the claims of named plaintiff[ ][is] not atypical." *In re Catfish Antitrust Litigation*, 826 F.Supp. 1019, 1036 (N.D.Miss.1993). The factual variances, if any, cited by Galaxy are incidental to the legal theories under which Hill brings this lawsuit.

### 2. Voluntary Payment Defense

■ The defendants argue that commonality and typicality are eliminated due to the doctrine of voluntary payment. "A voluntary payment within the meaning of this rule is a payment made without compulsion, fraud, [or] mistake of fact... and which is not enforceable against him." *McDaniel Bros. Constr. Co. v. Burk–Hallman Co.*, 253 Miss. 417, 175 So.2d 603, 605 (Miss.1965). The defendants assert that, if the payments were found to be penalties and therefore "not enforceable," Galaxy could assert the voluntary payment defense against some class members but not others. Moreover, the defendants argue that whether the defense was available would require a subjective inquiry of each class member. This court disagrees. In order for the voluntary payment defense to come into play, the "late fee charges" must first be determined as unenforceable. That issue is common to all proposed class members, and it is an issue of the class representative that is typical of the proposed class. If the "late fee charges" are held unenforceable, only then would it be considered whether there was compulsion, fraud, or mistake of fact. Whether or not Galaxy was fraudulent in its dealings with class members is a focal issue of this litigation and also meets the requirements of commonality and typicality. Whether there was "compulsion" or "mistake of fact" are issues that may be subjective and require an individual inquiry of each class member to determine whether he or she acted under compulsion or was mistaken as to the enforceability and legality of these payments. Still, Rule 23(a)'s commonality and typicality requirements are met in this matter as to so many class issues that this court will not allow this one obscure issue that may not even arise to prohibit class certification. However, if the court finds at any time that issues of "compulsion," "mis-take of fact," or any other similarly narrow issue eliminates the elements of commonality and/or typicality, the court may at that time exercise its discretionary power to decertify the class. Fed.R.Civ.P. 23(d). *See Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 757 (4th Cir.1998); *Watson v. Fort Worth Bank & Trust*, 798 F.2d 791, 796 (5th Cir.1986).

### 3. Damages

■ Finally, the defendants argue that the variation in potential actual damages of class members destroys commonality of the class. The court finds that this argument is not well-taken. The differences in actual damages between class members is inconsequential in light of the numerous common issues of the proposed class. Moreover, the payment records of Galaxy can determine damages if that issue arises.

### C. Adequacy of Representation

■ The fourth and final requirement of Rule 23(a) is that the party seeking class certification show that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). This entails an inquiry into whether plaintiff's counsel have the qualifications and experience necessary to competently conduct such a litigation and whether the plaintiff's interests are antagonistic to those of the class. *In re Catfish*, 826 F.Supp. at 1037. *See Jenkins*, 782 F.2d at 472 (noting that court should also question whether representative has sufficient stake in outcome). The adequacy of the putative plaintiff and plaintiff's counsel is presumed in the absence of specific proof to the contrary. *Falcon v. General Tel. Co.*, 626 F.2d 369, 376 n. 8 (5th Cir.1980), *vacated on other grounds*, 450 U.S. 1036, 101 S.Ct. 1752, 68 L.Ed.2d 234 (1981). The defendants argue that the plaintiff is an inadequate representative of the proposed class because "(1) he is not subject to defenses not available against other potential class members, and (2) he cannot be asserting all of the legal theories as the putative class." *See Defendant's Memorandum of Law in Response to Plaintiff's Motion for Class Certification*, p. 14. These arguments are not well-taken for reasons set forth *supra* regarding commonality and typicality.

The defendants also assert that Mr. Hill has not demonstrated adequate financing for the costs of a class action. However, Mr. Hill testified in his deposition that he had made appropriate arrangements with his law firm. The Fifth Circuit does not require proof of financial resources in order to meet this burden, and there is no specific proof to the contrary. *Horton v. Goose Creek Ind. School Dist.*, 690 F.2d 470, 485 (5th Cir.1982). Finally, the defendants argue that a conflict of interest exists between the class representative and some class members. The defendants explain that the cost of litigation and payment of damages will force the defendants to increase (or not decrease) their service rates to customers. Therefore, because some class members may receive more damages than other class members, the variation between class members of the offset between increased rates and payments in damages creates a conflict. The defendants cite a case from the Supreme Court of Nebraska in which the court held that such a situation created a conflict thereby making the class representation inadequate. *See Blankenship v. Omaha Public Power Dist.*, 195 Neb. 170, 237 N.W.2d 86, 91–92 (Neb.1976). However, the court is not persuaded by that court's reasoning. The potential economic impact of an adverse judgment on the defendants is insufficient to show inadequacy.

Plaintiff's counsel have also met their burden in this regard. Plaintiff's counsel have substantial experience with class litigation as well as familiarity with particular issues in the case *sub judice*. To date they have competently and vigorously maintained this suit, and the court is satisfied with their qualifications. *Horton*, 690 F.2d at 484 (noting that "adequacy requirement mandates an inquiry into the zeal and competence of the representative's counsel.").

Accordingly, the court finds that Mr. Hill has satisfied the prerequisites set out under Rule 23(a). The court now directs its attention to an analysis of Rule 23(b).

## II. FEDERAL RULE OF CIVIL PROCEDURE 23(b)

After satisfying the criteria set out in Rule 23(a), a party seeking class certification must also meet the requirements of Rule 23(b)(1), (2) or (3). Rule 23(b) provides:

**(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b).

### A. Certification under Rule 23(b)(3)

Rule 23(b)(3) provides that, in order to maintain a class action, a party must

demonstrate that common questions of fact or law predominate over individual issues and that a class action is the superior method for maintaining the suit. Fed.R.Civ.P. 23(b)(3). "[I]t is not enough for the plaintiff to state a cause of action on his own behalf against the defendants. The plaintiff must state a claim common to all proposed class members." *Shivangi v. Dean Witter Reynolds, Inc.,* 107 F.R.D. 313, 324 (S.D.Miss. 1985).

### 1. Predominance of Common Questions of Fact or Law

The court's discussion *supra* regarding the issues of commonality and typicality stated the focal issues of this litigation and opined that those issues are common to all class members. Therefore, the court will not re-address that issue.

### 2. Superiority

The final element under Rule 23(b)(3) requires the party seeking class certification to demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The court is convinced that certification of the proposed class will satisfy this final prong. Class certification will safeguard judicial economy by limiting duplicative litigation, and plaintiff will ensure uniform results for similarly situated parties.

### B. *Certification Under Rule 23(b)(2)*

▉ The plaintiff has also moved for Rule 23(b)(2) certification, which is designed to pave the way for class certification where injunctive relief is sought with respect to the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: ...

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or ...

Fed.R.Civ.P. 23(b)(2). In his amended complaint, the plaintiff seeks to enjoin Galaxy from "charging its subscribers a late fee greater than that amount which this [c]ourt deems reasonable and lawful." *See Plaintiff's First Amended Class Action Complaint,* p. 8. More recent trends in Rule 23(b)(2) utilization appear to favor a broader application of equitable relief certification, and Rule 23(b)(2) certification has been ordered where the primary relief sought was clearly money damages pursuant to 23(b)(3). *See In re Domestic Air Transp. Litig.,* 137 F.R.D. 677, 696 (N.D.Ga.1991); *Northwestern Fruit Co. v. A. Levy & J. Zentner Co.,* 116 F.R.D. 384, 388 (E.D.Cal.1986). The defendants make averments against certification under Rule 23(b)(2) due to the possible due process violations that may occur if class members are not given proper notice and the opportunity to opt out. However, since this class will also be certified under 23(b)(3) and notice will be given to the class members, there is no longer a due process concern. Therefore, the court will also certify the proposed class pursuant to Rule 23(b)(2) for final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### CONCLUSION

In summary, the plaintiff's motion for class certification will be granted. The court, pursuant to Federal Rules of Civil Procedure 23, finds that this litigation meets the requisites for class certification. In accord with the spirit of Rule 23 and the necessity of effective class management, the court is available to the parties, of course, to review any proceedings and to issue appropriate orders which the court deems in the best interest of the litigation. A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION FOR CLASS CERTIFICATION

Pursuant to an opinion issued this day, it is hereby ORDERED that

(a) the Plaintiff's Motion for Class Certification is hereby GRANTED under Rule 23 of the Federal Rules of Civil Procedure;

(b) the class shall be defined as follows:

[A]ll persons who are, or were, subscribers to cable television service provided by Galaxy Telecom, L.P. either directly or

through companies it is doing business as, such as Galaxy Cablevision, and who were charged at least one five dollar late fee for payment made after the "due date" listed on subscribers' monthly bills. This class does not include any employees of Galaxy or their relatives or relatives of the judge assigned to this action.

(3) Plaintiff Ted Hill, Sr., is hereby, DESIGNATED AS CLASS REPRESENTATIVE;

(4) the following firms are hereby DESIGNATED AS CLASS COUNSEL: Barrett Law Offices; Gordon Ball, Attorney; Much, Shelist, Freed, Denenberg & Ament; Jackson, Taylor, & Martino; Ifshin & Friedman, PLLC; Ditommasso & Associates; and Patrick W. Pendley, APLC;

(5) class counsel shall cause notice to be mailed by first class mail, postage prepaid, to all members of the class who can be identified through reasonable efforts by April 1, 1999; and

(6) class counsel shall file with the Clerk of the Court by April 15, 1999, an affidavit identifying the persons to whom notice has been mailed.

