TACHA, Chief Circuit Judge,
concurring in part, dissenting in part.
I readily join the majority’s opinion, with one exception. The majority holds that manageability is a proper criterion for courts to consider when certifying Fed. R.Civ.P. 23(b)(2) class actions. I respectfully dissent from this portion of the majority’s opinion.
First, I find that circuit precedent bars this holding. We previously addressed whether a district court could rely upon a criterion listed under Rule 23(b)(3) as a reason for denying class certification under Rule 23(b)(2). See Adamson v. Bowen, 855 F.2d 668, 676 (10th Cir.1988). There, plaintiff “sought relief under Rule 23(b)(2), which contains no requirement of ‘predominance.’ The district court placed upon the class a burden that the rule does not authorize.” Id. I find that Adamson governs this case, prohibiting the use of a criterion found in Rule 23(b)(3) — such as manageability — as grounds for denying a Rule 23(b)(2) class.
Second, even if circuit precedent did not govern this issue, I find that the standard rules of statutory construction lead to a result contrary to that reached by the majority. Rule 23(b)(3) explicitly has a manageability criterion. See Fed.R.Civ.P. 23(b)(3)(D). Rule 23(b)(2) does not. Standard rules of construction, then, lead to the conclusion that manageability is not a criterion for Rule 23(b)(2) classes. See O’Gilvie v. United States, 519 U.S. 79, 96, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996) (“When the legislature uses certain language in one part of the statute and differ *975 ent language in another, the court assumes different meanings were intended.”) (internal citation omitted).
The majority counters that Rule 23(b)’s language is merely permissive, allowing the district court to consider Rule 23(b)(3) criteria in a Rule 23(b)(2) class. See Fed. R.Civ.P. 23(b) (“An action may be maintained as a class action if the prerequisites [are met.]”) (emphasis added). Such a reading, however, simply ignores the entire structure of Rule 23(b). See Almendarez-Torres v. United States, 523 U.S. 224, 228-29, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (“we look to the statute’s language, structure, subject matter, context, and history — factors that typically help courts determine a statute’s objectives and thereby illuminate its text.”). The majority’s reading collapses the differences between a Rule 23(b)(1), (b)(2) and (b)(3) class, allowing a district court to consider any criteria under any of the subsections for any type of class. Such a reading is not in line with the structure of Rule 23(b) and is thus contrary to standard statutory construction. See United States v. Rodgers, 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) (“The word ‘may,’ when used in a statute, usually implies some degree of discretion^ but] [t]his commonsense principle of statutory construction ... can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute”) (footnote and citations omitted). Rule 23(b) clearly envisions the different subsections and their concomitant criteria applying distinctly to different types of class actions.
I find, therefore, the Fifth and Ninth Circuits’ approach more persuasive. See Forbush v. J.C. Penney Co., Inc., 994 F.2d 1101, 1105 (5th Cir.1993) (“questions of manageability and judicial economy are ... irrelevant to 23(b)(2) class actions.”);. Elliott v. Weinberger, 564 F.2d 1219, 1229 (9th Cir.1977) (same), aff'd in part sub nom. Califano v. Yamasaki, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). As such, I respectfully dissent from the manageability section of the majority’s opinion.