United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-41113
_____

DUANE T. CORLEY; ET AL.,

Plaintiffs,

DUANE T. CORLEY; WILLIAM A. ROANE,

Plaintiffs - Appellants,

versus

ORANGEFIELD INDEPENDENT SCHOOL DISTRICT; WILLIAM EDWARD
WINFREE; PAUL CORMIER, Individually and as Independent
Executor of the Estate of Jewell E. Cormier, deceased; ROBERT
CORMIER; DEVRA CORMIER; CORMIER FAMILY LIMITED PARTNERSHIP,

Intervenor Plaintiffs - Appellees,

versus

ENTERGY TECHNOLOGY HOLDING CO.; ENTERGY CORP.; ENTERGY
ARKANSAS INC.; ENTERGY LOUISIANA INC.; ENTERGY MISSISSIPPI
INC.; ENTERGY SERVICES INC.; ENTERGY TECHNOLOGY CO.,

Defendants - Appellees.

----------------------------------------------------------------

DOUGLAS C. DISHMAN; TIM E. DISHMAN,

Plaintiffs - Appellants,

versus

ENTERGY CORPORATION; ENTERGY GULF STATES INC.;
ENTERGY ARKANSAS INC.; ENTERGY LOUISIANA INC.;
ENTERGY MISSISSIPPI INC.; ENTERGY SERVICES INC.;
ENTERGY TECHNOLOGY HOLDING COMPANY; ENTERGY
TECHNOLOGY COMPANY,

Defendants - Appellees.

***************************************************************

_____

consolidated with
No. 04-41127
_____


DUANE T. CORLEY; ET AL.,

Plaintiffs,

DUANE T. CORLEY; WILLIAM A. ROANE;
FEAR FARM INC.; RUBY B. WILSON,

Plaintiffs - Appellants,

versus

ORANGEFIELD INDEPENDENT SCHOOL DISTRICT; WILLIAM EDWARD
WINFREE; PAUL CORMIER, Individually and as Independent
Executor of the Estate of Jewell E. Cormier, Deceased;
ROBERT CORMIER; DEVRA CORMIER; CORMIER FAMILY LIMITED
PARTNERSHIP,

Intervenor Plaintiffs - Appellees,

versus

ENTERGY TECHNOLOGY HOLDING CO.; ENTERGY CORP.; ENTERGY
ARKANSAS INC.; ENTERGY LOUISIANA INC.; ENTERGY MISSISSIPPI
INC.; ENTERGY SERVICES INC.; ENTERGY TECHNOLOGY CO.,

Defendants - Appellees.

-----------------------------------------------------------------

DOUGLAS C. DISHMAN; TIM E. DISHMAN,

Plaintiffs - Appellants,

versus

ENTERGY CORPORATION; ENTERGY GULF STATES INC.; ENTERGY ARKANSAS
INC.; ENTERGY LOUISIANA INC; ENTERGY MISSISSIPPI INC.; ENTERGY
SERVICES INC.; ENTERGY TECHNOLOGY HOLDING COMPANY; ENTERGY
TECHNOLOGY COMPANY,

Defendants - Appellees.

2

---

Appeals from the United States District Court
for the Eastern District of Texas
USDC Nos. 1:98-CV-2006-RAS and 1:98-CV-2054-RAS

---

Before JOLLY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

The appellants in this case, a group of landowners in Louisiana, Mississippi and Texas ("the landowners"), brought suit against Entergy Corporation and its subsidiaries (collectively, "Entergy"), alleging that the company engaged in unauthorized transmission of voice, data and video communications across their land. Specifically, the landowners contend that Entergy contracted with various third parties to carry general telecommunications via fiber optic cables installed in its existing network, thereby violating easements and rights-of-way obtained in order to transmit electricity and internal communications.

The landowners moved to certify the case as a class action under FED. R. CIV. P. 23. The district court virtually lived with the case for several years and the proceedings before the court were extensive. After discovery, briefing, and a certification hearing, the district court, in a thorough and well-considered opinion, denied the motion. We granted the landowners' Rule 23(f)

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for leave to appeal. Finding no reversible error, we AFFIRM.

I

The question before us is whether the district court, which appears to have been extremely familiar with all facets of the case, erred in denying class certification. The certification inquiry is essentially a factual one, which we review only for abuse of discretion. See Allison v. Citgo Petroleum Corp., 151 F.3d 402, 408 (5th Cir. 1998). Whether the district court applied the correct legal standard in reaching its decision, however, is a question that we review de novo. See id. (citing Forbush v. J.C. Penney Co., 994 F.2d 1101, 1104 (5th Cir. 1993)). Although the landowners insist that a number of their arguments raise legal questions, the bulk of the district court's analysis is fact-bound. As such, our review is for abuse of discretion.

The landowners contend that class certification is appropriate under all three provisions of Rule 23(b). In the alternative, they argue that the district court should have certified a "composite class" -- that is, it should have certified "the class under Rule 23(b)(2) on liability", while "provid[ing] class members with Rule 23(b)(3) notice and the right to opt out on damages issues". We consider these contentions in turn.

First, it is clear that the district court did not err in declining to certify a class under Rule 23(b)(1)(A). A class may be certified under Rule 23(b)(1)(A) if the prosecution of separate

4

actions by or against individual members of the class would establish incompatible standards of conduct for the party opposing the class. In this case, the party opposing the class –- Entergy –- does not seek to avail itself of the safeguards of Rule 23(b)(1)(A).

Moreover, the landowners have failed to put forward any scenario under which this litigation might establish incompatible standards of conduct. At worst, Entergy might be found liable to some landowners and not liable to others, forcing it to negotiate with victorious plaintiffs for the right to continue transmitting telecommunications over their property, or to reroute its transmissions. Were this to happen, Entergy's obligations to various landowners would vary, but they would not be inconsistent. That is, it would not be the case that Entergy could not satisfy one judgment without contradicting the terms of another. As such, the district court did not abuse its discretion in denying certification under Rule 23(b)(1)(A).

Next, we turn to the district court's denial of class certification under Rule 23(b)(2). Rule 23(b)(2) permits certification where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole". Although the focus of a Rule 23(b)(2) class action is injunctive relief, plaintiffs may also seek monetary damages, provided they are

5

"incidental" to the requested injunction. See Allison, 151 F.3d at 412. That is, the damages must be "capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances." In re Monumental Life Ins. Co., 365 F.3d 408, 416 (5th Cir. 2004) (quoting Allison, 151 F.3d at 415).

In the instant case, the district court held that calculation of damages would require examination of the peculiar circumstances of individual landowners. The reason is intuitive: rights-of-way over some parcels of land would fetch a higher price from telecom companies seeking to buy access in a free market than would others. One parcel, for instance, might be situated in a geographic "choke point", such that a telecom company would be forced go many miles out of its way if that parcel proved unavailable. The owner would therefore be able to extract a payment much higher than the per-foot average of the entire network. Thus, his damages in a suit for trespass would be commensurately higher. In short, the value of the myriad easements would randomly vary in such a way as to defy any coherent system of determining damages.

The landowners contend that, empirically, this is not the case in Louisiana, Mississippi and Texas -- that is, that these strategic points in the network are rare, if they exist at all. However, they provide no evidentiary support for this claim. Thus, we cannot say that the district court abused its discretion in

concluding that individualized damage calculations would defeat certification under Rule 23(b)(2).

The landowners' argument for certification under Rule 23(b)(3) fails for similar reasons. Rule 23(b)(3) requires that questions common to the class predominate over individualized questions, and that class treatment provide a superior means of adjudicating the controversy. In its opinion, the district court cited various factors -- including the proximate cause requirement of RICO and the varying lengths of state statutes of limitations -- supporting its finding that individual questions predominate over common ones.

Here again, however, the most important factor is the necessity of individualized damage calculations. Although "relatively few motions to certify a class fail because of disparities in the damages suffered by the class members", Bell Atlantic Corp. v. AT&T Corp., 339 F.3d 294, 306 (5th Cir. 2003), we have nonetheless noted that the lack of a suitable formula for calculation of damages may defeat predominance. That is to say, where the issue of damages "does not lend itself to ... mechanical calculation, but requires separate mini-trial[s] of an overwhelmingly large number of individual claims," class certification will not be appropriate. Id. (quoting Windham v. American Brands, Inc., 565 F.2d 59, 68 (4th Cir. 1977)). Here, the failure of predominance might be stated in a different way, that is, the injury to the landowners varies in substantial ways,

7

depending on the value, character and location of the property over which the easement prevails.

As explained supra, the district court concluded that geographic variations would render some parcels more valuable than others, thus precluding any mechanical calculation of damages in this case. The landowners dispute this conclusion, contending that damages may be calculated based on a per-foot extrapolation of the per-mile rate that Entergy charges telecom companies. This argument ignores the fact that Entergy's flat per-mile rate, although a near-perfect proxy for the overall value of network access, is a poor proxy for the price of gaining access to any given parcel of land. The flat rate is, by definition, an average of the values of many different parcels. As such, it would necessarily yield a windfall to some landowners at the expense of others. Thus, the district court did not abuse its discretion in rejecting Entergy's flat rate as a model for damages, or in denying class certification under Rule 23(b)(3).

Finally, the landowners contend that the district court abused its discretion in refusing to certify this case as a "composite class". That is to say, the district court should have certified the liability issues for class treatment under Rule 23(b)(2), while providing class members with notice and opt out rights under Rule 23(b)(3), thus allowing separate trials on damages issues.

Although FED. R. CIV. P. 23(c)(4) does permit a district court to certify "a class action with respect to particular issues", we

8

have previously held that, in order to maintain a "composite class" of the sort the landowners describe, plaintiffs must first show that the cause of action, taken as whole, satisfies the predominance requirement of Rule 23(b)(3).  See, e.g., Castano v. American Tobacco Co., 84 F.3d 734, 745 n.21 (5th Cir. 1996).  To hold otherwise would permit plaintiffs to evade the predominance requirement "through the nimble use of subdivision (c)(4)".  Id.

In the instant case, the landowners seek to excise from the class the very issue that defeats predominance under Rule 23(b)(3) -- i.e., the assessment of injury and the calculation of damages. Thus, the district court did not abuse its discretion in declining to certify this case as a "composite class".

II

For the foregoing reasons, the decision of the district court is, in all respects,

AFFIRMED.